JENNIE E. GLASS v. G. C. ZUTAVERN ET AL.

FILED JANUARY 4, 1895. No. 6331.

1. **Fraudulent Conveyances:** HUSBAND AND WIFE: BURDEN OF PROOF. A conveyance by an insolvent debtor to his wife, whereby other creditors are prevented from enforcing payment of their claims, is presumptively fraudulent as to such creditors, and the burden is on one claiming through it to prove the contrary.

2. **Bill of Exceptions:** ALLOWANCE BY CLERK. It is only in the exceptional cases enumerated in section 311, Civil Code, that the clerk of the district court is authorized to allow and sign bills of exceptions. (*Scott v. Spencer*, 42 Neb., 632.)

ERROR from the district court of Johnson county. Tried below before BUSH, J.

*T. Appelget*, for plaintiff in error:

A wife may contract with her husband and become his creditor. (*Lipscomb v. Lyon*, 19 Neb., 515; *Hill v. Fouse*, 32 Neb., 637.)

It is not a fraud upon other creditors for a husband to make his wife a preferred creditor. (*Lipscomb v. Lyon*, 19 Neb., 515.)

C. Rood and S. P. Davidson, contra, cited: Stevens v. Carson, 30 Neb., 550; Thompson v. Leonig, 13 Neb., 386; Steele v. Coon, 27 Neb., 598; Swartz v. McClelland, 31 Neb., 648.

POST, J.

This was an action in the district court for Johnson county to recover for the conversion of a stock of drugs and druggists' fixtures. The plaintiff below, who is also plaintiff in this court, claimed through James R. Glass, her husband, under a chattel mortgage to secure an alleged indebtedness to her, while the defendant Zutavern, as sheriff, and the other defendants. as attaching creditors, claimed through certain orders of attachment issued in actions commenced by them against the said James R. Glass. There was a verdict and judgment for the defendants, from which the plaintiff has prosecuted proceedings in error in this court.

The first of the alleged errors is that the district court erred in modifying two instructions asked by the plaintiff. The modifications complained of consist in the addition to a paragraph evidently intended as a statement of the facts essential to entitle the plaintiff to recover, the proposition that the jury must be satisfied that the plaintiff's mortgage was in good faith for a sufficient consideration and not for the purpose of defrauding the creditors of the mortgagor. There was no error in the action assigned. Indeed, the instructions as submitted failed to state the law applicable to the case on trial, and to have given them in the form presented would have been prejudicial error. It had been clearly shown that the effect of the mortgage of the plaintiff from her husband was to defeat the creditors of the latter, and to prevent them from realizing on their claims against him. It was, therefore, presumptively fraudulent, and the burden was upon the plaintiff to prove the

contrary, hence the direction that she must affirmatively
establish her good faith was rightly given.

It is next complained that the court erred in giving in-
structions 1, 2, 3, 4, and 5 asked by the defendants, and 1,
2, 3, 4, 5, and 6 on its own motion.   This method of as-
signing errors, it has been frequently held, is insufficient,
provided any of the instructions complained of correctly
state the law and it is conceded that some of them do in
this case.   It is next argued that the court erred in refus-
ing instructions 5 and 10 asked by the plaintiff.   But the
first named instruction is not contained in the record while
we find no exception to the refusal of the other, if indeed
it was refused which is not clear from the record.

The only other assignment is that the evidence does not
sustain the judgment.   But that question cannot be con-
sidered in the absence of a bill of exceptions properly au-
thenticated.   The only pretense of an observance of the
statutory requirements for the settlement and allowance of
exceptions is a certificate of the clerk to the effect that "the
foregoing is all the evidence given or offered, with the rul-
ings and exceptions thereon," etc.   It is only in the excep-
tional cases enumerated in sec. 311, Civil Code, that the
clerk is authorized to allow and sign the exceptions. (*Scott
v. Spencer*, 42 Neb., 632, and cases cited.)   The certificate of
the clerk being without authority, it follows that the ques-
tion of the sufficiency of the evidence is not presented to
this court.   The judgment of the district court must there-
fore be

AFFIRMED.