JOSEPH S. SCHOTT, APPELLEE, v. THOMAS J. MACHAMER ET AL., APPELLANTS.

FILED APRIL 8, 1898.  No. 7992.

1. Fraudulent Conveyances: RELATIVES: EVIDENCE.  When the effect of a conveyance from one relative to another is to deprive the vendor's creditors of their just dues, the transaction will be closely scrutinized.

2. ———: HUSBAND AND WIFE: CREDITORS: BURDEN OF PROOF.  In a suit between a wife and a creditor of her husband concerning property transferred to her by him after the contracting of indebtedness by him the burden of proof is on the wife to establish the *bona fides* of the transfer of the property to her.

3. Creditors' Bill: JUDICIAL SALE: TITLE OF PURCHASER.  In an equitable action to subject certain real property claimed by the wife to the payment of certain judgments against her husband the decree found for plaintiff, ascertained and established the amounts due on the judgments, and directed the sheriff to sell the real property as upon execution. *Held*, That a sale under the decree, rather than upon the executions, vested title in the purchaser.

APPEAL from the district court of Hamilton county. Heard below before BATES, J.  *Affirmed.*

*Jerome H. Smith* and *E. J. Hainer*, for appellants.

*Howard M. Kellogg*, contra.

RYAN, C.

Joseph S. Schott recovered two judgments against Thomas J. Machamer in the county court of Hamilton county.  Transcripts of these judgments were filed in the office of the clerk of the district court of said county

and entered on the judgment record of said district court, wherein, subsequently, proceedings were commenced to subject to the payment of said judgments the southwest quarter of the southeast quarter of section 2, township 10 north, range 6 west, sixth principal meridian. When the equitable action was tried Mary E. Machamer, the wife of Thomas J. Machamer, held the title to said forty-acre tract, and by the judgment of the district court this land was subjected to the payment of the above judgments.

The indebtedness evidenced by the above two judgments was incurred by Thomas J. Machamer purchasing from Joseph S. Schott certain merchandise for the retail trade which Mr. Machamer was carrying on in Aurora. A portion of these goods, and such others as composed his stock in trade, were, by Thomas J. Machamer, exchanged for the forty-acre tract above described. The deed which vested the title to this land in Thomas J. Machamer was dated September 4, 1893. Thomas J. Machamer and his wife, Mary E. Machamer, by deed of date September 21, 1893, conveyed said land to Aaron E. Machamer, brother of Thomas, by whom and his wife there was executed a deed by which the title was vested in the aforesaid Mary E. Machamer, September 28, 1893. On the trial the efforts of Mrs. Machamer were directed to endeavoring to prove that the intention of herself and her husband was to have the deed in the first instance made directly to her and that when the failure to do so was realized she and her husband, as they both testified, conveyed to Aaron E. Machamer, for the purpose of having the title afterward vested in Mary E. Machamer. There was evidence of herself and her husband that while the marriage relation existed between them she had conducted a hotel and a restaurant business and so had acquired considerable means, which were invested in real property in the joint names of Thomas J. and Mary E. Machamer and that, when this was sold a part of the proceeds, in the form of cash, was received by Mr.

Machamer for her use and benefit. This money was the consideration for the conveyance of the property involved in this case to Mrs. Machamer, according to her own testimony and that of her husband.

In this state the question of fraudulent intent is always a question of fact and not of law. (Compiled Statutes, ch. 32, sec. 20; *Campbell v. Bank*, 49 Neb. 143; *Goldsmith v. Erickson*, 48 Neb. 48.) A married woman is entitled to receive payment in property, or otherwise, of a debt due her from her husband. While this is true, it is just as true that the burden is on the wife to establish the *bona fides* of a transfer of property from her husband to herself, when, in a suit with one of her husband's creditors, the matter litigated is the respective rights of the litigants with respect to such property. (*Melick v. Varney*, 41 Neb. 105; *Brownell v. Stoddard*, 42 Neb. 177.) In *Steinkraus v. Korth*, 44 Neb. 777, it was held that where property is conveyed from one relative to another as a payment of a past due indebtedness and thereby creditors of the party making the conveyance are deprived of their just dues and claims the transaction will be scrutinized very closely and its *bona fides* must be clearly established. This proposition was likewise enforced in *Plummer v. Rummel*, 26 Neb. 147. It would subserve no useful purpose to recapitulate the evidence in this case. The circumstances above recited were such that under the rules stated the burden of the proof was on the wife to establish the *bona fides* of the transfers under which she claimed title, and we cannot say that the district court erred in its conclusion that the proofs failed to meet this requirement.

The sale of the property was made by the sheriff under the decree which was herein entered. In this decree there were general findings in favor of plaintiff and that the deeds whereby the title to the property in controversy was vested in Mary E. Machamer were executed with intent to defraud, hinder, and delay the creditors of Thomas J. Machamer. There was also a finding of how much

was due plaintiff from Thomas J. Machamer on the two judgments above referred to as having been rendered against him in the county court. This was followed by the following language: "It is therefore considered by the court that said deeds hereinbefore referred to, and each of them, be, and the same are hereby, vacated, set aside, and annulled, and that said land be subjected to the payment of the judgments set out in the petition, and the sheriff of said Hamilton county is hereby directed to proceed as upon execution to sell said land and to bring the proceeds into court to await its further orders." It may be conceded that when the obstruction to the sale of the land on executions issued on the judgments rendered by the county court had been removed, a proper practice would have been to sell on these executions. In the case under consideration the district court had jurisdiction of the parties and of the subject-matter of the action, and, having such jurisdiction, ascertained and declared the amounts for the satisfaction of which the sale should be made and required the sheriff to conduct the sale as on execution. A sale conducted under this decree was effective to confer title on a purchaser thereat and the district court properly so ruled on the motion for confirmation. The judgment of the district court is

AFFIRMED.