GEORGE C. GRAHAM ET AL. V. ESTATE OF WILLIAM TOWNSEND, DECEASED.

FILED JULY 10, 1901. No. 9,829.

1. Claim Against Estate: OBJECTIONS: PROOF. Under objections to a claim presented for allowance to the probate court, (1) that deceased did not, at the time of his death, owe claimant anything whatever, and (2) that the estate did not owe claimant anything at the time the objection was filed, the administrator may prove payment, release, fraud or any other fact which will show that claimant has no valid claim against the estate.

2. Appeal: PLEA OF FRAUD: ISSUE. And, on an appeal from an order allowing or disallowing such claim, an answer charging that plaintiff's claim originated in and grew out of a fraudulent transacton, does not raise a new issue in the appellate court.

3. Subsequent Creditors Can Not Attack Fraudulent Conveyance. Section 17, chapter 32, Compiled Statutes, 1899, makes conveyances and assignments in fraud of the rights of creditors void and of no effect as against persons who have been hindered, delayed or defrauded by such conveyance or assignment. Subsequent creditors who have not been in any way prejudiced by a fraudulent transfer can assert no rights under this section.

4. Fraudulent Transfer for Use of Vendor Is Void. But where a fraudulent transfer of property, or choses in action, is made in trust for the use and benefit of the person making the same, it is void both as to existing and subsequent creditors.

5. Subsequent Sale for Satisfaction Valid. A debtor who has made a conveyance of property which is void under either section 7 or 17, chapter 32, Compiled Statutes, 1899, may afterwards transfer the title and ownership of such property to a creditor who is willing to receive it in satisfaction of his claim.

ERROR from the district court for Nuckolls county. Tried below before HASTINGS, J. *Reversed.*

*S. W. Christy,* for plaintiffs in error.

*Cole & Brown* and *S. A. Searle, contra.*

SULLIVAN, J.

This controversy originated in the county court of Nuckolls county, where the estate of William Townsend, deceased, was being administered. The plaintiff in error, George C. Graham and S. W. Christy, claiming to be assignees and owners of a debt due from Townsend to James W. Carson, presented to said court for examination, adjustment and allowance a claim, whereof the following is a copy: "The estate of William Townsend, deceased. In account with George C. Graham and S. W. Christy. March 1st, 1894. Account of James W. Carson, assigned to Geo. C. Graham and S. W. Christy, June 28th, 1894, $625.00. And 7% interest from March 1st, 1894, to July 5th, 1895, $58.28. Total, $683.28." The administrator, Duane Townsend, objected to the allowance of this claim, and in a formal manner stated the grounds of his objection to be: "William Townsend did not at the time of his death owe James W. Carson, assignor, $625, nor any amount whatever, nor did he owe claimants, and said estate does not now owe said Carson, or claimants any sum of money whatever." Upon the claim and written objection a hearing was had, which resulted in an order of disallowance. From this order an appeal was taken. In the district court pleadings were filed, a trial was had, the issues were found in favor of the estate, and judgment was rendered dismissing plaintiffs' claim.

The first point urged upon our attention is that the court erred in refusing to strike out a paragraph of the answer in which it is charged that plaintiffs' claim originated in, and grew out of a fraudulent transaction—a transfer of property made by Carson to Townsend with

the intention, and for the purpose, of hindering, delaying and defrauding Carson's creditors. It is said that this paragraph raised a new issue, and that the ruling complained of disregarded plaintiffs' right to have the case tried upon the issue made in the county court. We are not able to accept this view of the matter. The objection to the allowance of the claim was not limited to a denial of facts; it stated mere conclusions of law: First, that Townsend did not at the time of his death owe Carson any sum whatever; and, second, that the estate did not owe the claimants anything at the time the objection was filed. Under these denials, it seems to us, it was competent for the administrator to prove payment, release, fraud or any other fact which might show that the plaintiffs had no valid claim against the estate. If the assigned account is for any reason unenforceable, it is entirely true, as stated in the objection, that "said estate does not owe said Carson or claimants any sum of money whatever."

It is next contended by the plaintiffs that they were creditors of Carson; that the account was assigned to them in satisfaction of their claim; and that they are, consequently, not affected by the fraudulent transaction between their assignor and Townsend. This contention must be sustained. The evidence warrants no other conclusion than that the transaction between Carson and Townsend was fraudulent, and that the latter held in trust for the former a portion of the proceeds of the property fraudulently conveyed. Whether the plaintiffs were creditors of Carson at the time of the fraudulent conveyance does not clearly appear. If they were not, it must be conceded that they could not, according to the weight of modern authority, claim any rights under section 17, chapter 32, Compiled Statutes, 1899. *Sheppard v. Thomas,* 24 Kan., 780; *Keeler v. Ullrich,* 32 Mich., 88; *Hanson v. Power,* 8 Dana [Ky.], 91; *Fullington v. Northwestern Importers & Breeders Ass'n,* 48 Minn., 490; *Reid v. Gray,* 37 Pa. St., 508; *Bewick v. Muir,* 83 Cal., 368; *Sledge v. Obenchain,* 58 Miss., 670; *Lehmberg v. Biberstein,* 51 Tex., 457; *Porter*

*v.Pittsburg Bessemer Steel Co.,*120 U. S.,649. That section declares conveyances and assignments made to hinder, delay or defraud creditors to be void and of no effect only "as against the persons so hindered, delayed or defrauded." But section 7 of chapter 32 declares: "All deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same, shall be void as against the creditors, existing or subsequent, of such person." Under this section there can, we think, be no doubt but that the fraudulent transfer, to the extent that it resulted in the creation of a trust for the benefit of Carson, was void as to all his creditors, whether prior or subsequent. The theory of the statute seems to be that property held in trust is to be regarded, so far as creditors are concerned, as the property of the beneficial owner. Whether a transfer of property is the result of an honest or corrupt motive is not, under section 7, of the least importance. If the parties to the transaction regard the vendor, or assignor, as the real owner, his creditors may so regard him; and the fact that he does not possess the legal title is no obstacle to the enforcement of their claims. Whatever belongs to the debtor may be seized by his creditors; and whatever they may take by judicial process they may acquire by assignment. A conveyance which is void under either section 7 or 17, although good between the parties, does not, as against creditors, change the ownership of the property conveyed. *Senter v. Williams,* 61 Ark., 189; *Mason v. Vestal,* 88 Cal., 396; *Bradtfeldt v. Cooke,* 27 Ore., 194.

The judgment is

REVERSED AND REMANDED.