SCHOOL DISTRICT OF SOUTH OMAHA v. LEONARD A. DAVIS.

FILED MAY 3, 1906. No. 14,293.

Contract: CONSTRUCTION. A contract will ordinarily be construed as it was understood and construed by the contracting parties.

ERROR to the district court for Douglas county. LEE S. ESTELLE, JUDGE. *Affirmed.*

*A. H. Murdock, Lambert & Cohn* and *A. C. Pancoast,* for plaintiff in error.

*T. J. Mahoney, contra.*

JACKSON, C.

On the 13th day of June, 1900, L. A. Davis, an architect, entered into a contract in writing with the school district of South Omaha, of which the following is a copy: "In Duplicate. Agreement. Whereas, at a regular meeting of the board of education of the school district of the city of South Omaha, Nebraska, held on the 4th day of June, 1900, L. A. Davis was duly elected architect for the said district for the period of one year, commencing June 27, 1900, and ending June 27, 1901, and, at a subsequent meeting of said board, the officers of said board were duly authorized for and in behalf of the said district to enter into a contract with the said L. A. Davis for the period of one year at a compensation for his services of 5 per cent. of the cost of the improvements in buildings or other erections, the construction of which, as such architect, he may supervise,

payments of which shall be made monthly as the improvements may progress. Now, therefore, it is agreed by and between the school district of South Omaha, Nebraska, and L. A. Davis that said school district does hereby employ said L. A. Davis as architect for it for the year commencing June 27, 1900, and ending June 27, 1901, at a compensation for his services of 5 per cent. of the cost of all the buildings or other erections which he, as such architect, may supervise the erection of, payable in monthly instalments, as the work progresses, on the first day of each month; and the said L. A. Davis agrees to draw all plans, specifications, and details for all buildings or alterations that the said board may require, and supervise all the said work during the said period, when authorized and directed so to do by a majority of the said board. And said L. A. Davis hereby accepts said position for the term above stated, and at the compensation above fixed, and agrees to perform the duties of architect for said district as above stated. In witness whereof, the parties hereto have set their hands this 13th day of June, 1900. The School District of the City of South Omaha, in the county of Douglas, in the state of Nebraska. J. H. Bulla, Pres't; Wm. Brennan, Sec'y. L. A. Davis."

He performed certain services, which it is agreed were within the terms of the contract, and received compensation amounting to the sum of $1,000.

It appears that at the annual school meeting of that year the board of education were authorized to purchase a site for a high school building, with the view of erecting such a building in the near future. It was not contemplated that the building should be erected during the period covered by the contract with Davis, and in fact it was not erected during that period. At a meeting of the board of education held on November 19, 1900, the record discloses this proceeding: "Motion by Lochner and Miller that the architect, Mr. Davis, be hereby instructed to draw plans for a high school building to be

erected on the lately purchased Hoctor site. Motion carried; seven members voting aye, Brennan and Roberts, no." At a meeting held on February 4, 1901, the record discloses that "Architect Davis submitted plans for a new high school. Motion by Lochner and Lott that the plans for a new high school presented by Mr. Davis be adopted. Motion carried; seven members voting aye; Brennan and Roberts, no." The board allowed and paid Mr. Davis $1,900 in fees for the plans so adopted; and on August 6, 1903, the school district instituted this action in the district court to recover from Davis the amount of fees paid him for the plans, on the theory that the services performed were within the terms of the contract, and that, as the building was not erected during his term and the work not supervised by him, the money was improperly paid and the school district was entitled to recover. There are some allegations of fraud in the petition, which were denied in the answer, and at the trial no evidence was offered in support of such allegations. The answer pleaded a contract with the board independent of the one of June 13, 1900, the performance of the contract on his part, and payments thereon to the amount of $1,900. The reply was a denial. At the close of the plaintiff's evidence, the court directed a verdict for the defendant, and the plaintiff appeals.

When the case was called for trial in the district court, plaintiff filed an affidavit for a continuance because of the absence of two witnesses. The affidavit set out in detail what facts it was expected to prove by the absent witnesses, and the absence of the principal counsel for the plaintiff was urged as another reason for the continuance. The defendant, however, admitted that the absent witnesses, if present, would testify to the facts as stated in the affidavit, and the application for continuance was denied. The record discloses that these affidavits were read in evidence, and that the counsel, on account of whose absence the continuance was asked, was present and participated at the trial. One of the absent witnesses

was the secretary of the board of education, and it is urged with considerable force that his presence was especially important for the purpose of identifying records and papers at the trial; however, the defendant admitted the identity of all records and papers offered in evidence, and it does not appear that the plaintiff was in any manner prejudiced on account of the absence of witnesses.

The other reasons urged for a reversal of the judgment are that the services performed in preparing the plans were performed under the provisions of the contract of June 13, and that the defendant was not entitled to recover extra compensation therefor; and if they were not so performed, but were the result of an independent agreement, that such agreement was void because of the fact that the amount involved exceeded the sum of $200 and the contract was not in writing; and, third, that no appropriation had been made to pay for the plans and the board of education was without authority to contract for them. It would be unreasonable to hold with the plaintiff on its first contention. So far as the record discloses, the entire compensation paid the defendant for the services performed within the terms of the contract of June 13, during the period of the contract, was the sum of $1,000. If the construction contended for by the plaintiff were adopted, then the defendant might have been busily engaged on behalf of the plaintiff preparing plans and specifications during the entire period of the contract, without ever being entitled to compensation therefor, because it would be necessary that he should supervise the erection or repairing of the buildings themselves before he could receive compensation, and the compensation would then be based on the cost of the repairs or the new buildings. All that could be required of the architect under his contract for the year, in the matter of drawing plans and specifications, was that he should prepare plans and specifications of such repairs or new buildings as he would be called upon to supervise, and such as he would be entitled to compensation for. It

is the duty of the court to construe the contract as it was understood and acted upon by the parties, and the record leaves no room for question that the parties themselves understood and acted upon the contract for the plans and specifications as an independent agreement.

As to the claim that the contract, if an independent one, is void under the statute, we think that the resolution of the board instructing Mr. Davis to prepare the plans, the presentation of the plans at a later date to the board and the record of the adoption of the same, and the approval and the allowance of bills are sufficient to bring the contract within the statute. The record discloses that at the close of the fiscal year within which the services were performed and paid for, there was a balance in the treasury of the district of $9,318; there were ample funds available to pay for the plans, and it was entirely competent for the school board, as a preliminary step to the submission of the proposition for the erection of a high school building at the annual meeting in 1901, to prepare and submit plans and specifications for the proposed building. *Fiske v. School District,* 58 Neb. 163.

We find no error in the record, and recommend that the judgment be affirmed.

DUFFIE, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.