EGBERT H. WILHOIT, APPELLEE, v. JOHN D. STEVENSON, APPELLANT.

FILED SEPTEMBER 26, 1914.   No. 17,793.

1. Contracts: CONSTRUCTION. "A practical construction placed upon an ambiguous contract by the parties will generally be adopted by the courts." *Hale v. Sheehan,* 52 Neb. 184.

2. Appeal: HARMLESS ERROR. Error in assessing the amount of recovery cannot be urged as a ground for reversal by the party benefited thereby.

3. ———: CONFLICTING EVIDENCE. A judgment based on conflicting evidence in an action at law will not be disturbed on appeal unless manifestly wrong.

APPEAL from the district court for Dundy county: ERNEST B. PERRY, JUDGE. *Affirmed.*

W. S. *Morlan* and *Ratcliffe & Ratcliffe,* for appellant.

C. E. *Eldred, contra.*

FAWCETT, J.

In December, 1906, plaintiff and defendant entered into a written agreement for the exchange of lands, in and by which plaintiff agreed to convey to defendant a tract of land in Dundy county, Nebraska, containing 963 acres, and defendant agreed to convey to plaintiff a tract of

land in Gentry county, Missouri, containing 231 acres. Subsequently it was found that plaintiff could not furnish title for 120 acres of the Dundy county land; whereupon, in January, 1907, the parties entered into a second contract, in which it was agreed that plaintiff should attempt to obtain title to the 120-acre tract; failing in that he was, if possible, to purchase in lieu thereof a certain 160-acre tract in another section; defendant agreeing to pay one-fourth of the purchase price of such tract, if it should be obtained, and also to pay the difference between the price of the remaining three-fourths of the tract and the appraised value of the 120-acre tract which plaintiff had been unable to convey. This second agreement also provided that, in case plaintiff was unable to obtain title to either the 120 or 160-acre tract, he should pay to defendant the appraised value of the 120-acre tract, this payment to be made upon a $1,200 mortgage then outstanding against the Missouri land, which plaintiff was to receive from defendant, and, in case the mortgage was not thereby fully canceled, defendant should pay the remainder of the mortgage. Pursuant to the first agreement, the parties exchanged deeds for their respective tracts, except the 120-acre tract referred to. Plaintiff subsequently paid off the mortgage on the Missouri land, in the sum of $1,260, but did not succeed in acquiring title to the 120-acre tract, nor did he succeed in purchasing the 160-acre tract. This action was brought by plaintiff to recover from defendant the difference between the appraised value of the 120-acre tract, which he failed to convey, and the amount which he was required to pay to release the Missouri land, which he received in the exchange, from the $1,200 mortgage referred to. The case was tried to the court without the intervention of a jury, and resulted in a judgment in favor of plaintiff in the sum of $540, from which judgment defendant appeals.

Three principal grounds for reversal are regularly assigned and urged in defendant's brief, while a fourth is incidentally included within his second assignment. We

will consider the assignments in the order presented in defendant's brief.

"1. The petition does not state facts sufficient to constitute a cause of action." The substance of this contention is that plaintiff's action is based upon the second agreement, and that the provision in that agreement, requiring defendant to pay anything on the mortgage covering the Missouri land which he was conveying to plaintiff, was not binding upon defendant, for the reason that it was wholly without consideration; that the first agreement in no manner required defendant to pay this mortgage or any part of it. We are unable to agree with counsel in this contention, for the reason that the agreement to convey set out in the first contract, as construed by the parties themselves in the second, contemplated conveyance by each party of the lands which he was conveying to the other, free of incumbrance. The district court properly construed the contract as did the parties themselves.

"2. Error in assessing the amount of recovery." It is a sufficient answer to this assignment to say that the error, if any, in assessing the amount of recovery was in favor of defendant and against plaintiff.

"3. One who refuses to perform his part of a contract cannot recover for a breach by the other party." While the evidence upon this point is conflicting, it is ample to sustain the finding that plaintiff did not refuse to perform his part of the contract, but, on the contrary, in every reasonable manner attempted to comply with the terms thereof.

The fourth contention, which, as we have stated, incidentally appears under the second assignment, is that plaintiff's action was prematurely brought, the contention being that by the terms of the second agreement plaintiff was only required to pay the remainder "due" on the mortgage debt; that he was not to pay it in advance of maturity or at a time to be fixed by himself; that he was to pay it when due, and should have waited until maturity

before doing so. This contention is so clearly without merit that we shall not spend time discussing it.

Finding no error in the record, the judgment of the district court is

AFFIRMED.