Muller v. Pratt.

---

HERMAN W. MULLER, APPELLEE, V. CLARK A. PRATT, APPELLANT.

FILED APRIL 19, 1922. No. 21973.

1. **Trial: INSTRUCTIONS.** The instructions of the trial court to the jury should be confined to those issues presented by the pleadings and supported by competent evidence.

2. **Evidence** examined, and *held* to support the verdict.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Drake & Drake,* for appellant.

*John A. Miller* and *J. M. Fitzgerald, contra.*

Heard before LETTON, DEAN and FLANSBURG, JJ., DAY and GOOD, District Judges.

DAY (L. B.) District Judge.

This is a controversy between a landlord and his tenant. Muller, the tenant, was to farm a portion of the land for an agreed compensation, and a part for a share of the crop, according to an oral agreement with Pratt, the owner of the land. Muller sues on two causes of action: First, for the reasonable value of his services in fencing and otherwise improving Pratt's land; second, for the reasonable value of work and labor for putting up hay for Pratt. Pratt counterclaims, setting forth three causes of action: First, for the agreed price of pasturing stock; second, for the reasonable value of the use of eight acres on which Muller raised beets; third, for damages to a crop of potatoes which froze, due to the tenant's neglect in not digging said potatoes at the proper season. From a verdict and judgment in favor of Muller, Pratt appeals.

The appellant contends that the trial court erred in not submitting to the jury the second cause of action set out in his counterclaim. This was for the reasonable value of the use of eight acres upon which the tenant raised beets. The instruction of the trial court to the jury should be confined to those issues presented by the pleadings and supported by competent evidence. There is no competent evidence in the record to sustain this cause of action, and the trial court properly refused to submit it to the jury. *Frederick v. Kinzer,* 17 Neb. 366.

From a careful examination of the record it is apparent that the main dispute was relative to the appellant's claim for damages due to the negligence of the appellee in allowing the potatoes to freeze. The appellant complains of the interpretation of the contract by the trial court. Since this was an oral agreement, we must examine the evidence

and pleadings to determine its provisions.   The appellant himself states that the agreement was, "whereby defendant (appellant) was to furnish the seed and receive one-half of the crop on the plowed land."   It is the conclusion of this court that the words, "on the plowed land," do not refer to the place of delivery of the share of the landlord, and that, as established by the evidence, this contract is silent as to where the landlord's share of the potatoes was to be delivered.   In this case the landlord was present on the land at the time when the potatoes were dug, and knew where they were being placed.   His agent assisted in putting them in the pit, in the barn, and in the house. He himself received some of the potatoes on the land without objection as to the place of delivery.   He never objected to the manner of handling them; but, in handling, sorting and selling these potatoes, he treated them as his own after they were dug.   "It is the duty of the court to construe the contract as it was understood and acted upon by the parties."   *School District v. Davis,* 76 Neb. 612. See, also, *Wilhoit v. Stevenson,* 96 Neb. 751; *Hale v. Sheehan,* 52 Neb. 184; *Cady v. Travelers Ins. Co.,* 93 Neb. 634. The record conclusively shows that the parties understood and acted upon this contract as though the landlord's share of the potatoes were to be delivered upon the land.   The court instructed the jury in instruction No. 9 that the contract required the tenant to deliver the potatoes upon the land and was not responsible if they froze after that time, but was only responsible for one-half of such as froze through negligence.   This instruction correctly states the law and is supported by the evidence in this case.   Every other question was one of fact; each was properly submitted to the jury by the trial court; the verdict is supported by the evidence; and the findings of the jury should not be set aside.

AFFIRMED.