JOSIE JOHNSON, APPELLANT, V. JONAS P. JOHNSON,
ADMINISTRATOR, APPELLEE.

FILED APRIL 26, 1893.          NO. 5046.

1. **Creditor's Bill**: GIFT: LIABILITY OF THIRD PARTY: EVI-
DENCE. The testimony tends to show that in 1882, one C., then
worth at least $5,000, erected a house and made improvements
on the land of his mother, which cost to exceed $2,000. He
continued to assist her in a limited degree until 1886, when he
died insolvent. In an action by a creditor whose claim had
nearly all been contracted after 1882, and who received payment
of her share of the assets of the estate of C. *pro rata* with other
creditors, to subject the estate of the mother to the payment of
the residue of her claim, *held*, that the proof failed to show that
C. was insolvent when he assisted his mother, or that his assist-
ing her caused his insolvency, and that the mother's estate was
not liable.

2. ———: EVIDENCE. There is proof that would warrant the court
in finding that his mother, about 1880, loaned C. $1,050.

APPEAL from the district court of Howard county.
Heard below before COFFIN, J.

*O. A. Abbott* and *A. A. Kendall*, for appellant.

*Paul & Templin, contra.*

MAXWELL, CH. J.

This is an action to subject certain real estate to the pay-
ment of the claims of the plaintiff. The testimony shows
that Chris Johnson died in the year 1886; at that time he
was indebted to the plaintiff in the sum of $922.50, which
was allowed against his estate. The estate proved to be
insolvent, and the plaintiff only received the sum of
$577.31, leaving due to her on said claim $453.60, for
which it is sought to subject the real estate in question.
On the trial of the cause in the court below the issues were
found in favor of the defendant and the action dismissed.

The testimony tends to show that one Sarah C. Johnson, the mother of Chris Johnson and Jonas P. Johnson, removed to this state about the year 1881 and settled upon government land, and that Jonas P. Johnson had removed to this state one or two years before that time; that his mother's claim was near his; that Chris Johnson, who had been doing business in Illinois, commenced the erection of a house and other improvements on the land for his mother; that the value of the house and other improvements exceeded $2,000; that the house and improvements were made in 1882 and 1883. There is some proof, however, that Chris continued in a limited degree to assist his mother up to the time of his death in 1886. There is also proof tending to show that prior to 1880 Chris had been conducting a grocery and failed in business; that afterwards he obtained $1,050 from his mother and started a saloon in Quincy, Illinois. In this he succeeded and sold out in 1882 for $5,000.

The plaintiff's claim is for service and for keeping house for Chris, which began about 1882 and continued up to the time of his death. She claims that Chris put his money into the estate of his mother and thereby became insolvent; that the mother's estate is liable for her claim. The proof fails to show that Chris Johnson was insolvent when he made the improvements in question for his mother, or that he made the improvements in contemplation of insolvency. A person who is apparently able to pay his debts and believes himself to be so, and has no design to defraud his creditors, may make a valid gift to a relative. The gift, however, must not be disproportionate to his means, nor such as will produce insolvency. The proof fails to show that this gift, if such it was, produced the insolvency of Chris Johnson. The proof is meager upon this point and very unsatisfactory. The right of the plaintiff to reach the assets in the hands of a fraudulent grantee is undoubted, but the proof fails to sustain the charge. This is

upon the theory that Chris made a gift of the house and improvements to his mother, but, as heretofore stated, the court would be justified in finding that Chris was indebted to her for $1,050. In any view of the case, therefore, the judgment is right and is

AFFIRMED.

THE other judges concur.