UNION STOCK YARDS NATIONAL BANK v. THOMAS J. SMOUT
ET AL.

FILED JUNE 19, 1901.   No. 9,995.

Commissioner's opinion, Department No. 1.

1. **Homestead Once Occupied, Burden on Creditor to Show Abandonment.** It appearing from the evidence that the premises had been occupied by the debtor as a homestead, the burden is upon the execution creditor to show both removal therefrom and intentional abandonment.

2. **Homestead: NOTICE TO SHERIFF: PROCEDURE OF CREDITOR.** When the execution debtor notifies the sheriff that the premises about to be sold are his homestead, and claims the same as exempt before sale made, the creditor must proceed under section 5 *et seq.*, chapter 36, Compiled Statutes, 1899.

ERROR from the district court for Hall county. Tried below before THOMPSON, J. *Affirmed.*

W. H. *Thompson,* for plaintiff in error.

W. H. *Platt, contra.*

KIRKPATRICK, C.

On December 2, 1896, plaintiff in error, the Union Stock Yards National Bank of South Omaha, which was plaintiff

below, and will be so designated herein, recovered a judgment against Thomas Smout, as principal, and David Barrick, as surety, on a prommissory note for the sum of $937.81. On August 11, 1897, an execution was issued on the judgment and a levy made upon certain lands in Hall county owned by the defendant Smout. After notice, this real estate was offered at public sale by the sheriff, on September 23, 1897, at 2 o'clock P. M. After said real estate had been offered, but before it had been sold, defendant Smout caused to be delivered to the sheriff a notice as follows:

"To George P. Dean, Esq., Sheriff of Hall County, State of Nebraska.—Take Notice: That the land you have levied on under execution in favor of the Union Stock Yards National Bank of South Omaha vs. Thomas J. Smout and David Barrick, to wit: west half of northwest quarter and west half of southwest quarter of section six (6) township nine (9) range eleven (11) west 6th P. M., and containing 160 acres, is claimed by me as my homestead and is not liable to seizure on an ordinary execution such as you hold in said case; that the said judgment was not rendered for mechanic's, laborer's wages or vendor's liens, nor upon any debt secured by mortgage on the premises; that I am a married man, the head of a family, consisting of a wife and child; that said land is mortgaged for the sum of $2,500.00 with interest at ten per cent., and that there is due on this mortgage $2,800.00; that said mortgage was executed for a valid loan long prior to the time of obtaining the said judgment on which you hold the execution, and I hereby notify you that the said homestead is exempt from said forced sale on said execution; that the said land does not exceed in value the above exemptions. You will therefore take due notice and govern yourself accordingly and as provided by law."

Notwithstanding this notice, by direction of counsel for plaintiff, the property was sold by the sheriff to plaintiff, for the sum of $10, it appearing from certificates of prior incumbrances in the hands of the sheriff that the interest

of Smout in the premises was of no value. Defendant Smout filed a motion to set aside this sale. Plaintiff asked for confirmation. At the request of plaintiff, and by agreement, the cause was set down for trial on a subsequent day, and trial had upon the motion to confirm the sale and objections thereto. After hearing the evidence, the trial court found that the premises sold were the homestead of Thomas Smout and wife, and that they were not subject to levy and sale upon execution, and the sale was vacated and set aside. From this judgment plaintiff prosecutes error to this court.

The petition in error contains a number of assignments, but presents but three questions: First, did the court err in overruling plaintiff's motion to strike from the files the objections filed by the defendant; second, did the court err in finding that the premises in controversy were the homestead of defendant Smout and his wife; and third, did the court err in refusing to confirm the sale? These questions will be considered in their order.

The grounds upon which plaintiff in error asked to have the objections to confirm action filed by the defendant stricken from the record are as follows: "That the same is redundant, irrelevant and immaterial." The exact point which plaintiff desired to present by this motion is not entirely clear; but from the discussion in the brief we take it that the point sought to be made is that the claim that the land was a homestead, in order to avail defendant, must have been made at the time the sheriff made the levy under the execution. Under the provisions of chapter 36 of the Compiled Statutes of 1899, entitled "Homesteads," a homestead of a head of a family to the extent of 160 acres of the value of $2,000 is exempt from sale upon execution, with certain exceptions not material here to be noticed. Section 5 of that act provides that when an execution is levied on such exempt land, the head of the family may notify the officer at the time of the making of the levy of what he regards as his homestead, with a description thereof, within the limits above described, and the remainder alone shall

be subject to such levy, except as otherwise provided in this chapter. It is claimed by virtue of the language of this section, as we understand counsel for plaintiff in error, that defendant Smout was required to notify the officer at the time the levy was made that he claimed the premises as exempt. The testimony in the case disclosed that defendant did not know of the levy until some time after it was made, and not until he saw a notice of the sale in a newspaper. So that in this particular case he could not well have notified the sheriff at the time of the levy that he claimed the property as exempt. However this may be, we are unwilling to say that under the terms of this statute the defendant who failed to notify the sheriff at the time of the levy would by reason of that fact be prevented from claiming his exemptions. It has been said by this court that property exempt as a homestead was not subject to sale under execution, and that a purchaser at such sale, as against the person residing upon the land at the time, obtained no title. *McHugh v. Smiley,* 17 Nebr., 626; *Schribar v. Platt,* 19 Nebr., 625; *Giles v. Miller,* 36 Nebr., 346. In the case at bar Smout delivered the notice to the sheriff before a sale was actually made, and there can be no doubt that this notice was given in time to protect the defendant in his exemptions. *Quigley v. McEvony,* 41 Nebr., 73; *Ard v. Pratt,* 60 Pac. Rep. [Kan.], 1048. All proceedings of the sheriff, after receiving notice that the property was claimed as exempt, were unlawful. The sheriff was an officer of the court, and it was the duty of the court to see that there was no abuse of its process; and where the sheriff had been notified of the exempt character of the property, and had wrongfully proceeded to sell it, it was the duty of the court to set such sale aside. It therefore follows that the first point made by the plaintiff in error can not be sustained.

It is next contended that the finding made by the trial court, that the premises levied upon were the homestead of Smout and wife, is not sustained by sufficient evidence. We have carefully considered the evidence introduced at

the trial, and are unable to find any merit in this contention. The testimony clearly establishes the fact that Smout and his wife had resided on, and had proved up on, this land under the laws of the United States. It was also undisputed that they had resided thereon for many years, and the testimony fails to show that they had ever abandoned their homestead right in the premises. It having been clearly established that defendant had resided upon this tract as a homestead for many years, the burden was upon plaintiff to show, not only that Smout had actually removed from the premises, but that it was his purpose to abandon the land as his homestead. *Eckman v. Scott,* 34 Nebr., 817; *Edwards v. Reid,* 39 Nebr., 645. The rule is well settled that removal from a homestead, and residing elsewhere for the purpose of business, health or pleasure, does not work an abandonment of the homestead, unless coupled with such removal is the intention not to return. *Mallard v. First Nat. Bank of North Platte,* 40 Nebr., 784; *Corey v. Schuster,* 44 Nebr., 269. Plaintiff failed to introduce testimony establishing or tending to establish abandonment of homestead. The finding of the trial court seems to be abundantly sustained by the evidence introduced upon this point, and will, therefore, not be disturbed.

The court having found that the land levied upon was exempt as a homestead, it was its duty to set the sale aside. We find no error in the proceedings of the trial court. It is therefore recommended that the order of the trial court vacating the sale be affirmed.

DAY and HASTINGS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the order of the district court is

AFFIRMED.