CORA BELL HILL, APPELLEE, V. JOHN SCHMUCK ET AL., APPELLANTS.

FILED JUNE 4, 1902.  No. 11,678.

Commissioner's opinion, Department No. 3.

Conveyance: SOLVENT MAN: CONSIDERATION: WIFE: CHILD: MORAL OBLIGATION TO SUPPORT. A conveyance without fraudulent intent, by a solvent man, of lands to his wife or child, is presumed to have been made in consideration of his moral obligation for the support and maintenance of the grantee, and in the absence of evidence of a contrary intent, will be held to have transferred the entire title, both legal and equitable; so that the transaction can not be successfully assailed by subsequent creditors of the grantor.

APPEAL from the district court for Gage county. Heard below before LETTON, J. *Reversed.*

*Ernest O. Kretsinger,* for appellants.

*Hazlett & Jack, contra.*

AMES, C.

This is an action in the nature of a creditors' bill brought by the appellee, Cora Bell Hill, for the purpose of

setting aside, as fraudulent as against her, a conveyance of a tract of land by the appellant John Schmuck to his wife, the appellant Anna Schmuck. The conveyance was made through the appellants John Pagels and his wife, Charlotte, as a conduit; they neither paying or receiving any consideration by reason of the transaction. The petition alleges the recovery of a judgment by the plaintiff against John Schmuck on the 4th day of June, 1898, and the subsequent filing in the office of the district clerk of a transcript thereof, and the issuance of an execution thereon and its return unsatisfied, and that the judgment creditor was at the beginning of this action insolvent, except for said lands, and without property subject to levy and sale upon execution. It is also alleged that the conveyance from John Schmuck to his wife was made on the 11th day of April, 1898, nearly two months prior to the recovery of the judgment, with intent to hinder and delay the plaintiff and others, his creditors; but it is not alleged who his other creditors were, if any, nor that the grantor was then indebted to the plaintiff, nor are any facts or circumstances averred tending to show an intent by the grantor to defraud his subsequent creditors. A demurrer to the petition was overruled, and, the defendant failing to plead further, judgment was rendered as prayed. The case is brought to this court by appeal.

We do not think that it sufficiently appears from the petition that John Schmuck was insolvent at the date of the conveyance, or that he was at that time indebted to the plaintiff, and it is not very strenuously contended by counsel for the plaintiff that it does sufficiently so appear; but reliance is placed mainly upon the fact, alleged by the petition and admitted by the demurrer, that the conveyance by the judgment debtor to his wife was without pecuniary consideration. By reason of this fact it is contended that the equitable title remains in the grantor, his wife holding merely the naked legal title in trust for him, and that as equitable titles are, in this state, liable to be taken for the payment of the debts of persons possessing

them, the plaintiff ought for that reason to succeed. In defense of this doctrine, counsel for appellee cite *Millard v. Parsell,* 57 Nebr., 178. That decision, however, does not sustain the proposition contended for. A careful examination of the opinion discloses that the trial court found as a matter of .fact that the conveyance from Dr. Parsell to his wife, although without fraudulent intent as to the creditors of the former, was made upon an actual trust in favor of the grantor, and for that reason left the equitable title in him. In the absence of the record, we can not say what the evidence of that trust was, and must assume that it was expressed in writing, and sufficient to uphold the finding of the district judge. In view of familiar rules of law upon the subject, we are not at liberty to suppose that the finding was an inference from the mere fact that no pecuniary consideration passed from Mrs. Parsell to her husband. Such inference would have been wholly without support by English or American authority, and in sharp conflict with time-honored and universally recognized principles of jurisprudence. That there is abundant consideration of the kind known as "valuable" for a conveyance by a man to his wife or child, or other person for whom he is under a moral obligation to provide a maintenance, is established by a multitude of authorities, and has never, so far as we know, been questioned by any judicial decision. In the absence of existing creditors or others upon whom such a conveyance would necessarily operate or tend to defraud, it is presumed to have been made in satisfaction of the moral obligation mentioned, and as an advancement to, or for the purpose of insuring the support and maintenance of, the grantee therein named. The matter was set at rest by this court twenty years ago, in *Gray v. Gray,* 13 Nebr., 453, affirming *Bartlett v. Bartlett,* 13 Nebr., 456, as follows: "G. having acquired an equitable title to certain real estate, acquiesced in the same being conveyed to his wife by the person holding the legal title thereto. *Held,* that the same will be presumed to have been intended by G. as an advancement to his wife, and to create no trust."

In *Bartlett v. Bartlett* the court quote with approval the following from Perry on Trusts: "If the purchaser take a conveyance in the name of his wife or a child, or other person, for whom he is under some natural, moral or legal obligation to provide, the presumption of a resulting trust is rebutted, and the contrary presumption arises that the purchase and conveyance were intended to be an advance-. ment for the nominal purchaser. The transaction will be regarded *prima facie* as a settlement upon the nominal grantee, and if the payer of the money claims a resulting trust he must rebut this presumption by proper evidence." 1 Perry, Trusts, sec. 143.

To the same effect is 2 Washburn, Real Property [3d ed.], 440, *et sequitur* and notes; 2 Story, Equity Jurisprudence [13th ed.], paragraphs 1203 and 1204, and notes,—the author saying that the presumption is stronger in case of a wife than of a child, for she can not at law be the trustee of her husband. The consequences of a contrary doctrine would be somewhat appalling. It is a common, and has hitherto been regarded as a meritorious, or, at any rate, creditable practice, for men who are free from debt to make conveyances of property to their wives and children, and other dependents, so as to insure the grantees against the consequences of possible future financial disasters. If it be true that such conveyances are ineffectual to pass or affect the equitable or beneficial titles, not only is their immediate object defeated, but the grantees are in a worse condition than that of those who accept conveyances confessedly in fraud of creditors. In the latter case the defect is cured and the title quieted by the lapse of a definable term of limitations, but in the former the titles, continuing to reside in the grantors, would be liable to be appropriated for the payment of their debts contracted fifty years later. Not only so, but a grantee in fraud of creditors may successfully resist an attempt by his grantor to obtain a reconveyance; but it is the policy of the law to unite legal and equitable titles in the same person, and an unfortunate wife or child, being,

by hypothesis, the holder of the naked legal title, without consideration, could be compelled to reconvey it, and no lapse of time would bar an action for the enforcement of the obligation so to do.

By the strict rules of practice, the action ought to be dismissed, but it is evident that both parties are misled by a not unnatural misconstruction of the decision in *Millard v. Parsell, supra,* and we therefore recommend that the judgment of the district court be reversed, and the cause remanded, with leave to the plaintiff to amend her petition.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed, and the cause remanded with leave to the plaintiff to amend her petition.

REVERSED AND REMANDED.