LIZETTA K. TANNER, APPELLEE, v. F. L. FRINK ET AL., APPELLANTS.

FILED OCTOBER 18, 1919. No. 20578.

1. Fraudulent Conveyances: CONVEYANCE BY PARENT TO CHILD. "A conveyance without fraudulent intent, by a solvent man, of lands to his wife or child, is presumed to have been made in consideration of his moral obligation for the support and maintenance of the grantee, and, in the absence of evidence of a contrary intent, will be held to have transferred the entire title, both legal and equitable, so that the transaction cannot be successfully assailed by subsequent creditors of the grantor." *Hill v. Schmuck*, 65 Neb. 173.

2. ———: INTENT. The question of fraudulent intent is to be considered as of the time when the conveyance is made, and with reference to the particular conveyance alleged to have been fraudulent as against creditors.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Reversed.*

103 Neb.—52.

*M. D. Tyler* and *M. B. Foster,* for appellants.

*H. Halderson* and *H. C. Vail, contra.*

CORNISH, J.

On October 1, 1910, the defendant F. L. Frink purchased land in Texas for a consideration of $12,210, paying $2,199.33 in cash, and giving his notes, secured by vendor's lien, for the balance. On December 16, 1913, a personal judgment for $8,680.39 was had against him in an action foreclosing the lien. This action is to subject to the payment of the judgment 80 acres of land, standing in the name of Amy B. Frink, his daughter. The consideration for this eighty was paid by him, and he caused it to be deeded to his daughter March 15, 1909, as a gift. Under this deed, recorded a few days later, she took and has retained possession. It is alleged that this deed was made to hinder, delay and defraud creditors, and judgment that Amy B. Frink holds title to said eighty in trust for creditors is prayed for.

At the time this voluntary conveyance was made by Frink to his daughter, and at the time of incurring the obligation, the basis of the judgment, October 1, 1910, it does not appear that Frink had other indebtedness, or that credit was extended on the basis of his ownership of this or any other property. It would appear that, at the time of making the voluntary conveyance to his daughter, Frink was possessed of property as follows: An equity in 80 acres of land in Platte county, worth $6,700; money in the bank, $2,000; an automobile, $500; and the land in controversy, $4,250; making a total of $13,450. Ordinarily a man owning $13,450 worth of property, with no debts, and who gives $4,250 of it to his daughter as an advancement or settlement upon her, could hardly be said to make the gift for the purpose of hindering, delaying or defrauding creditors. No doubt an exception to this rule may arise if it appears that the gift is made for the purpose of avoiding or defeating creditors in some more or less hazardous

enterprise that the person is about to undertake. That Frink owned $9,200 above his indebtedness, after deeding the property to his daughter, is not admitted by plaintiff, but in the brief it is admitted that he was at that time worth from $3,500 to $4,000 above his indebtedness.

It is strenuously insisted by plaintiff that the time of Frink's obligation should not date from the time the contract was entered into and the notes given, October 1, 1910, but should date from the time when a prior contract was entered into for the purchase of the Texas land, December 23, 1908, which contract provided for the purchase of the land in the name of Frink's wife, and upon which a payment of $500 was made. It is contended that in this prior contract Frink was the real party in interest, and there is more or less evidence to support this contention, denied by Frink. If, however, we admit this to be true, then, while it would show that Frink at the time had an indebtedness in the amount of his notes given for the Texas land, it will also increase his assets in the amount of the value of the land.

In determining whether his voluntary conveyance to his daughter was made to hinder, delay or defraud creditors, we must look at the situation as it existed at the time. The presumption must be that he thought the land, which he was buying and making payments of $2,199.33 upon, was worth what he was paying for it. He would hardly anticipate at that time that the land would be worth less, or anticipate this judgment of $8,680.39. The gift would not necessarily or presumptively make difficult or impossible the payment of any indebtedness that he would then know about, and we can hardly find fraud intended or effected by it. In *Hill* v. *Schmuck*, 65 Neb. 173, we held that a solvent man is free, if done without fraudulent intent, to make conveyances of his property to wife or children.

We reach this conclusion with some hesitation after consideration of evidence. Assuming that the learned

trial judge, who heard this case, would be right in finding that Frink's conduct and method of doing business showed a disposition upon his part to cover up and hide his property, so that it would not be accessible for application in payment of his debts, still it is difficult to say that such disposition would play any part in the transaction deeding the property in controversy to his daughter. There would seem to have been no necessity or motive for it at that time. Neither he nor his vendor would anticipate the present situation—that he would lose the land and still owe the major portion of the consideration promised.

For other cases bearing upon this question, see *Seeley v. Ritchey*, 76 Neb. 433; *Johnson v. Johnson*, 36 Neb. 700; *Adler & Sons Clothing Co. v. Hellman*, 55 Neb. 266; *McIntyre v. Malone*, 3 Neb. (Unof.) 159; Bump Fraudulent Conveyances (4th ed.) secs. 248, 251, 255; *Hagerman v. Buchanan*, 45 N. J. Eq. 292, 14 Am. St. Rep. 732.

The judgment of the district court is

REVERSED.

SEDGWICK, J., not sitting.