ANDREW CHRISTENSEN, APPELLEE, v. CHARLES D. SMITH ET AL., APPELLANTS.

FILED JUNE 16, 1932. No. 28247.

*C. A. Kingsbury* and *H. E. Siman*, for appellants.

*McCarthy & McCarthy*, contra.

Heard before GOSS, C. J., ROSE, DEAN, DAY and PAINE, JJ., and HORTH, District Judge.

ROSE, J.

This is a creditor's suit by Andrew Christensen, plaintiff, to set aside a deed to a 120-acre farm in Dixon county and to subject it to execution on a judgment in his

favor against Charles D. Smith, grantor, on the grounds that the deed was fraudulent as to creditors and that it was executed and delivered without consideration. Grantor and his son, George Edwin Smith, and his daughter, Elsie Rae Broeker, grantees, are defendants. In a former suit to foreclose a mortgage on a different tract of land, plaintiff had previously recovered a deficiency judgment against grantor for $9,878.08, upon which execution was issued and returned unsatisfied for want of property whereon to levy, except as to personalty seized by the sheriff and sold for $113.98. The purpose of the creditor's bill was to cancel the deed of grantor and to subject his 120-acre farm to the payment of the indebtedness evidenced by the deficiency judgment.

In substance the defenses interposed were as follows: Grantor was not a creditor of plaintiff when the deed was executed, the claim for a deficiency judgment being then contingent and unadjudicated; absence of fraud and of a purpose to delay creditors; oral promise by grantees of future aid to grantor and wife, if needed, as consideration for the deed; homestead interest of grantor and family; declaration of grantor's bankruptcy and substitution of the trustee in bankruptcy for plaintiff herein as bar to latter's claim.

Upon a trial of the cause the district court found the issues in favor of plaintiff, canceled grantor's deed, ordered a sale of the farm in controversy upon failure of grantor to satisfy the deficiency judgment and directed application of the proceeds of sale to plaintiff's claim. Defendants appealed.

The plea that grantor was not a creditor of plaintiff when the deed was executed and that he was therefore at liberty to transfer to his children the title to his land was not established as a defense. As early as 1920 grantor owed plaintiff approximately $21,000, a debt partially secured by an unsatisfied mortgage on a tract of land other than the farm involved herein. The deed was executed June 17, 1929. At that time grantor was under

obligation to pay the mortgage indebtedness in full but never did so. Under the circumstances the better view is that grantor was a debtor and plaintiff a creditor when the deed was executed.

Under the law and the evidence, good faith of grantor and grantee's oral promise of future support, if needed, as consideration for the deed, are likewise futile as a defense. A deed by a father to members of his family is presumptively fraudulent as to an existing creditor and in litigation between him and grantees on that issue the burden is on the latter to establish the good faith of the transaction by a preponderance of the evidence. *Carson v. Stevens*, 40 Neb. 112; *Melick v. Varney*, 41 Neb. 105; *National Bank of Commerce v. Chapman*, 50 Neb. 484; *Kirchman v. Kratky*, 51 Neb. 191; *Schott v. Machamer*, 54 Neb. 514; *Jansen v. Lewis*, 52 Neb. 556; *Heffley v. Hunger*, 54 Neb. 776; *Blanchard v. McMillan*, 113 Neb. 275. The presumption of fraud arising from the transaction is not overcome by the evidence on behalf of grantees in the present instance. The oral promise was conditional upon the need of future support and is wholly unperformed. Grantor's insolvency is admitted in an answer to the petition and is also proved by the evidence. The controlling principle of law has been stated as follows:

"Property conveyed by a debtor in consideration of an agreement for his future support may be subjected to the payment of a judgment, where there is no other means of enforcing payment, to the extent that the value of the property exceeds the amount of support actually furnished by the grantee in good faith." *Cherry Co. v. Helm*, 98 Neb. 626; *Blanchard v. McMillan*, 113 Neb. 275.

On this issue the finding on appeal is that grantor's deed was fraudulent as to plaintiff and properly canceled as to him.

The claim that the farm was the homestead of grantor when the deed was executed does not seem to be well founded. The homestead had been previously abandoned.

Abandonment of a homestead may be proved by evidence that the occupants thereof as such actually left it, never returned, and, while absent, formed the intention not to return. *Corey v. Schuster,* 44 Neb. 269; *Mallard v. First Nat. Bank of North Platte,* 40 Neb. 784; *Union Stock Yards Nat. Bank v. Smout,* 62 Neb. 227; *Blumer v. Albright,* 64 Neb. 249. Grantor and his wife left their homestead in the spring of 1928 and never returned to occupy it as such. The deed was executed June 17, 1929. The proper inference from grantor's testimony is that, while absent, he formed the intention not to return. The trial court so found in accordance with the preponderance of the evidence.

The alleged defense that plaintiff's claim was barred by the decree in bankruptcy is also unavailing.

AFFIRMED.