LINCOLN TRUST COMPANY, APPELLANT, v. JOHN M SWEENEY ET AL., APPELLEES.

FILED APRIL 14, 1933. No. 28477.

*Perry, Van Pelt & Marti, J. P. O'Gara* and *Arthur E. Perry,* for appellant.

*Lanigan & Lanigan, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is a suit in the nature of a creditor's bill to cancel a deed from parents to their son and to subject the land described in the deed to the payment of a judgment in favor of plaintiff, the Lincoln Trust Company, on the ground that the deed was invalid as to it, having been executed for the nominal consideration of one dollar only, with intent to hinder and delay plaintiff in collecting its judgment. In the deed John M. Sweeney, Sr., and Nellie T. Sweeney, his wife, were grantors and John M. Sweeney, Jr., was grantee. The Sweeneys defended the suit on the

grounds that the deed was executed, delivered and registered in good faith when the father was solvent; that the consideration, in addition to "one dollar," was past services and promised future services of son to father; that plaintiff at the time had a lien on other land of grantors, which afforded ample security for payment of the judgment. The district court found and adjudged the issues in favor of defendants. Plaintiff appealed.

Upon a trial *de novo,* does equity require cancelation of the deed as to plaintiff? The circumstances under which it was executed are material inquiries in connection with the rules of law and equity applicable to the facts.

John M. Sweeney, Sr., and family reside in Greeley county. He owns the following tracts of land: In Custer county, a 1,120-acre farm, encumbered by a purchase money mortgage securing a note for $28,000, and also an 800-acre farm; in Greeley county, a quarter section of land, mortgaged for $6,000, and his home farm of 160 acres, mortgaged for $3,000.

Under an assignment dated January 14, 1927, plaintiff became the owner of the 28,000-dollar note and mortgage. In the transaction C. C. Carlsen of Lincoln represented plaintiff as an executive officer. He went to Broken Bow, inquired about the security, and learned before making the purchase that the 800-acre farm was unencumbered. From there he went to Greeley county and conferred with Sweeney, the owner of the Custer county farms, and was advised by him that he had executed the note and mortgage for $28,000 and that there was no defense to those obligations. Both testified the 800-acre farm was mentioned at the time. Carlsen said on the witness-stand that he relied on Sweeney's ownership of the 800-acre farm and that otherwise he would not have purchased the mortgage. After default, there was a demand for payment, and Sweeney, mortgagor, offered to convey the 1,120-acre farm in satisfaction of his indebtedness to plaintiff, but the offer was declined.

The title to the 800-acre farm was conveyed to the son, John M. Sweeney, Jr., February 25, 1931, by a deed reciting "one dollar" as the consideration. Grantee at the time was not yet 23 years of age, was unmarried and lived with his parents. In an action on the 28,000-dollar note in the district court for Greeley county, plaintiff recovered a judgment October 26, 1931, for $31,600. A transcript thereof was docketed in the district court for Custer county November 16, 1931. An execution on the judgment was issued in Custer county January 11, 1932, and returned by the sheriff wholly unsatisfied. At that time the judgment debtor had no personal property in his own name, having previously turned it over to his son, and he had no unencumbered real estate subject to execution in either county or elsewhere. After execution of the deed to the son, his father retained such control over him and over the 800-acre farm as enabled the father to induce the son to execute a mortgage thereon to secure an indebtedness owing by the father alone to M. J. McDermott, mortgagee.

The deed from father to son in fact delayed plaintiff in the collection of its judgment for $31,600, because it was effective to prevent the sale of the 800-acre farm on execution. The proper deduction from the evidence is that the father intended the natural and obvious result of his own act in deeding the farm to his son—the delay of plaintiff in collecting the debt which had been reduced to judgment. There is nothing in the defense to overcome this inference. As to an existing creditor, a conveyance with such an intent is declared by statute to be void. Comp. St. 1929, sec. 36-401. It is well settled law that a deed by a father to his son is presumptively fraudulent as to an existing creditor, and that in litigation between him and the parties to the conveyance over its alleged invalidity the burden is on them to establish the good faith of the transaction by a preponderance of the evidence. *Christensen v. Smith,* 123 Neb. 388, and cases cited in the opinion. In the present instance, past or

future service as a consideration for the deed is without support in the evidence. There is no proof that the son was emancipated before reaching his majority or that he earned agreed compensation before or after the age of 21. The presumption is, in absence of a contract or other evidence, that an unmarried son, while living with his parents, is performing his duties as a member of the family without liability of his parents for wages. The parties to the deed did not prove a contract between father and son for compensation for the latter's services, past or future. There is nothing in the record to show that the son performed for his father any services of a definite value or contributed to his father's estate in any form the equivalent of the land conveyed. More than a nominal consideration for the deed was not shown. The conveyance from father to son amounted to no more than an attempt to make a gift in violation of the rights of an existing creditor. It is the legal duty of a debtor to pay his obligations to existing creditors before conveying property to provide for future services or support. In a former case it was held:

"Property conveyed by a debtor in consideration of an agreement for his future support may be subjected to the payment of a judgment, where there is no other means of enforcing payment, to the extent that the value of the property exceeds the amount of support actually furnished by the grantee in good faith." *Blanchard v. McMillan,* 113 Neb. 275.

Since the conveyance from father to son was invalid as to plaintiff for reasons already explained, the alleged defense that the debtor retained in his own name property of sufficient value to secure payment of the judgment does not defeat the creditor's bill. *Shreck v. Hanlon,* 66 Neb. 451. In equity, plaintiff was entitled to a decree canceling the deed as to it and making its judgment a lien on the 800-acre farm. Whether the 1,120-acre farm was of sufficient value to secure the payment of the mortgage thereon or the judgment on the note for $28,000

was a controverted issue with evidence on both sides. From the standpoint of equity on this feature of the case, in view of the uncertain values of the real estate, plaintiff should exhaust its remedy against the 1,120-acre farm before resorting to the 800-acre farm.

The judgment below is reversed and a decree will be entered in the supreme court canceling as to plaintiff the deed from John M. Sweeney, Sr., and wife to their son John M. Sweeney, Jr., making the judgment for $31,600 a lien on the 800-acre farm, but subordinate to the McDermott mortgage which secured $8,000, requiring plaintiff to exhaust its remedy against the 1,120-acre farm before resorting to the 800-acre farm, remanding the cause and directing the district court to carry into effect the decree of the supreme court.

REVERSED.