LINCOLN SAVINGS & LOAN ASSOCIATION, APPELLANT, V. LOUIS MANN ET AL., APPELLEES.

FILED MAY 10, 1935. No. 29298.

*Paul Martin, I. D. Beynon* and *Willis R. Hecht*, for appellant.

*E. L. Hyde, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and REDICK, District Judge.

CARTER, J.

This is a suit in the nature of a creditor's bill brought by the Lincoln Savings & Loan Association, appellant, to set aside a deed to half of two lots in Sidney, Nebraska, and to subject it to execution on a judgment in its favor against Louis Mann, the grantor, on the ground that the deed was fraudulent as to creditors. The parties named as defendants consisted of Louis Mann and Blanche Mann, grantors, and the grantee, Carrie M. Martin, who is a sister of Blanche Mann. In a former suit to foreclose a mortgage on the other half of the two lots involved in this action, the appellant had previously recovered a deficiency judgment for $2,730.65, upon which execution had been issued and returned unsatisfied. The purpose of the suit at bar was to cancel the deed given by Louis Mann and his wife, Blanche Mann, and to subject the property covered thereby to the payment of the indebtedness evidenced by the deficiency judgment.

The defenses set up were as follows: That there was an absence of fraud or a purpose to delay creditors, and that the deed was given as payment for previous cash loans made by Carrie M. Martin. On a trial of the case, the trial court found generally for the defendants and plaintiff appeals.

It is the well-settled law of this state that conveyances between close relatives are presumptively fraudulent as to an existing creditor, and that, in litigation between the creditor and the parties to the conveyance over its alleged invalidity, the burden is on them to establish the good faith of the transaction by a preponderance of the evidence. *Lincoln Trust Co. v. Sweeney,* 124 Neb. 686; *Christensen v. Smith,* 123 Neb. 388.

That a sister-in-law is a relative within the meaning of the above rule cannot be questioned. In *Marcus v. Leake,* 4 Neb. (Unof.) 354, this court held: "The contention of plaintiff in error seems to be that a brother-in-law is not

a relative within the meaning of the rule referred to. We are unable to accept this view. There can be no doubt that a brother-in-law comes within the recognized and well-settled meaning of the word 'relative.' "

The appellees contend that the petition of the appellant does not plead that the alleged fraudulent conveyance was made to "hinder and delay" the creditors of the appellees, but only pleads that said conveyance was made to "defraud" such creditor, and that, if such conveyance was made as security for a debt, it would not "defraud," but would "hinder and delay" only. It is necessary for us to examine the facts pleaded rather than the conclusions of the pleader to determine the sufficiency of the petition in this respect. The reasoning contained in the case of *Peterson v. Wahlquist,* 125 Neb. 247, is very much in point, viz.: "To justify the dismissal of the cause, defendants argue that the petition is fatally defective ·in failing to plead in direct terms active fraud, fraudulent intent and an absolute liability of the stockholder when he parted with title to his real estate. This position does not seem to be tenable. * * * The petition, in literal terms, does not charge fraud or fraudulent intent on the part of the grantor. It does charge that, without consideration, the husband voluntarily conveyed his realty to his wife at a time when he had existing creditors whose claims were subsequently reduced to judgment, execution issued and returned unsatisfied for the want of property whereon to levy. * * * We think the petition, when liberally construed, states a cause of action, because it states facts which would entitle plaintiff to recover, unless defendants establish the *bona fides* of the transaction by a preponderance of the evidence." In *Rhoads v. Columbia Fire Underwriters Agency,* 128 Neb. 710, this court has held: "To maintain a civil action under our Code, it is not essential that the action be denominated either an action at law or in equity, nor that it be given any particular name. If the litigant pleads facts, and they constitute a cause of action or defense, the courts are bound to award the relief due."

The contention is also made that, as the appellant held a mortgage on other real estate to secure the debt, it was not an existing creditor within the meaning of the rule. In *Christensen v. Smith, supra,* it was held: "The plea that grantor was not a creditor of plaintiff when the deed was executed and that he was therefore at liberty to transfer to his children the title to his land was not established as a defense. As early as 1920 grantor owed plaintiff approximately $21,000, a debt partially secured by an unsatisfied mortgage on a tract of land other than the farm involved herein. The deed was executed June 17, 1929. At that time grantor was under obligation to pay the mortgage indebtedness in full but never did so. Under the circumstances the better view is that grantor was a debtor and plaintiff a creditor when the deed was executed." We therefore hold that appellees were debtors and appellant a creditor when the conveyance in question was made.

Upon a trial *de novo,* does equity require the setting aside of the deed as to the appellant? To determine this, it will be necessary to determine the circumstances surrounding the giving of the deed and the evidence in connection therewith.

The record discloses that Louis Mann, the appellee, obtained title to the north half of lots 7 and 8, block 19, original town of Sidney, Nebraska, on February 5, 1920. On the same day he and his wife executed and delivered to the Lincoln Savings & Loan Association, the appellant, a mortgage in the sum of $4,500, covering the above described property. On October 12, 1921, appellee obtained title to the south half of lots 7 and 8, block 19, original town of Sidney. On April 6, 1928, the appellee and his wife executed and delivered a mortgage on all of lots 7 and 8, block 19, original town of Sidney, to the American Bank of Sidney in the sum of $5,500. On October 24, 1928, the appellee applied in writing to the appellant for a loan of $6,750 on the whole of lots 7 and 8, hereinbefore fully described, and the same was approved. On November 5, 1928, appellee and his wife executed and delivered a note

and mortgage to the appellant, Lincoln Savings & Loan Association, in the sum of $6,750, which through error covered the north half only of lots 7 and 8, block 19, original town of Sidney, the proceeds being used to pay the balance due on the original $4,500 loan and all of the $5,500 mortgage owing the American Bank of Sidney.

The appellant, Lincoln Savings & Loan Association, commenced a foreclosure action on its mortgage of $6,750 on November 15, 1930, obtained a decree on January 23, 1931, in the sum of $7,092.44, which was adjudged to be a first lien on the north half of lots 7 and 8, as previously described, and the property sold at judicial sale to appellant for $5,000, which sale was confirmed by the court on November 30, 1931. A deficiency judgment was entered on September 10, 1932, in the sum of $2,730.65. On July 15, 1931, while the suit was pending, the appellee filed for record in Cheyenne county a deed to the south half of said lots 7 and 8, signed by himself and wife in favor of Carrie M. Martin, the deed being dated as of March 1, 1931. An execution was issued out of the district court for Cheyenne county against the appellee on the deficiency judgment on March 6, 1933, and the same was returned wholly unsatisfied.

The evidence on behalf of appellees shows that, for some time prior to March 1, 1931, Louis Mann had been in a bad physical and mental condition that necessitated much medical and hospital expense; that his wife, Blanche Mann, had difficulty in paying these expenses, and that she had borrowed considerable sums from her sister, Carrie M. Martin, of Denver, Colorado; that she had received the money in cash and had given no receipts for it; that the money had been furnished to Carrie M. Martin by her daughters who were working in Denver; that the total of said amounts was about $1,000; and that the deed in question had been given in consideration of this amount.

The evidence of the appellant shows that Carrie M. Martin lived in Denver, Colorado; that her husband was a farmer in Kansas, and that he had lost his farm by fore-

closure during the times herein mentioned; that the said Carrie M. Martin was dependent upon her daughters and son for support, and that she admitted over her signature that the transfer of the real estate was made to her for the convenience of Louis Mann and Blanche Mann and because Mann had some judgments against him, and that Mann was still the real owner of the property. Carrie M. Martin was not called as a witness. The evidence further shows that Mann and his wife were trying to sell or rent the property after the deed to Carrie M. Martin had been placed of record. The record further shows that the deed was recorded by Louis Mann or Blanche Mann and fails to show that Carrie M. Martin ever had the deed in her possession prior to the recording thereof.

Upon a consideration of the whole evidence, we are convinced that the good faith of this conveyance has not been shown by the degree of proof required by the law. The burden of proof is upon the appellees to show the good faith of the transaction. This they have failed to do. After a consideration of all the evidence, we conclude that the decree of the trial court was wrong. The judgment below is reversed and a decree will be entered in this court canceling the deed as to this appellant given by Louis Mann and Blanche Mann to Carrie M. Martin, making the judgment for $2,730.65 and interest a lien on the property described in said deed, and remanding the cause and directing the district court to carry into effect the decree of this court.

REVERSED.