ROBERT BUTKE, APPELLEE, v. HERMAN NACHSCHOEN ET AL., APPELLANTS.

272 N. W. 326

FILED APRIL 2, 1937. No. 29849.

*O'Sullivan & Southard,* for appellants.

*Floersch & Floersch, contra.*

Heard before GOSS, C. J., DAY, PAINE and CARTER, JJ., and TEWELL and YEAGER, District Judges.

PAINE, J.

Plaintiff brought an action in the nature of a creditor's bill to set aside certain conveyances of real estate. The decree of the trial court, entered December 7, 1935, found for plaintiff, and set aside certain conveyances as fraudulent, and ordered the two pieces of real estate sold as on execution to satisfy the deficiency judgment which the plaintiff had secured against Herman Nachschoen, principal defendant, in the sum of $18,843.07, upon which judgment an execution had been issued and returned unsatisfied.

The decree had granted the prayer of the petition of plaintiff in all respects. The defendants' answer to the petition had set up that from July 24, 1923, Anna Nachschoen, wife of defendant Herman Nachschoen, had been the owner of an apartment property in fee simple and that a deed of said property given to Joseph Bohan on November 28, 1932, was simply given him as security for a loan of $1,000.

To this a reply had been filed, and said cause had gone on trial before the district court, and at the close of the day's trial the defendants' attorney had asked leave to file an amended answer, which had been served upon the plaintiff's counsel, which leave was denied by the court and such original amended answer, with the written acknowledgment of service, was thereupon offered in evidence as exhibit No. 33, but was refused admission by the court, but is shown in the bill of exceptions. The defendants' counsel, in asking leave to file the amended answer

and making his offer, stated that, if the plaintiff's attorney was taken by surprise, or if he desired further time to plead, or further time to produce evidence to meet the allegations, the same would be consented to by the defendants. The defendants set out such ruling as prejudicial error and an abuse of discretion on the part of the court.

Examination of the amended answer which was offered indicates that it included a paragraph setting up that the conveyance to the wife of the apartment property under date of July 24, 1923, was made more than ten years before the commencement of the action, and more than ten years before the recovery of the plaintiff's judgment, and that plaintiff knew of the conveyance at the time the same was made, and that the statute of limitations had run against any action to set aside said conveyance, and plaintiff had been guilty of laches in bringing said action. In addition, said amended answer, offered by defendants and refused by the court, set up that a full, fair, and adequate consideration was paid for making said conveyance, and alleged that said conveyance was made without any fraudulent intent on the part of the defendant. Said amended answer proffered in court contained many other material allegations which were necessary and proper to allege, and, if proved by competent evidence, would tend to establish a defense to the allegations in the petition.

Section 20-852, Comp. St. 1929, provides generally that the court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, allow an amendment of any pleading by inserting additional allegations material to the case, and this court has held on numerous occasions that to deny the right to file such amended answers, under such terms as are reasonable and just, may be highly prejudicial to the defendant. *Zancanella v. Omaha & C. B. Street R. Co.*, 96 Neb. 596, 148 N. W. 158.

The testimony taken on July 8, 1935, being the first day of the trial, disclosed that the original mortgage given by the defendants to the plaintiff in 1922 had been released,

and another mortgage obtained and filed October 2, 1923, and that the transfer of the property by the husband to the wife was made on July 24, 1923; and upon this evidence being produced the defendants requested leave to file an amended answer, as set out hereinabove, setting up the statute of limitations and several other defenses somewhat in line with the evidence which had been produced during the day's trial, and this offer of the amended answer was denied by the court, and on account of other engagements of the court the trial was thereupon continued until some later date convenient to the court, and no further testimony was taken in this case until November 8, 1935, upon which date the defendants again requested leave to file the amended answer, and tendered the same in evidence, and again the request to file such amended answer was denied by the court. The defendants consented to any extension of time which the court might deem proper, as provided in section 20-855, Comp. St. 1929, and the court could have specifically provided in the extension of time that the plaintiff should have leave to file motion or demurrer to test out the allegations of said proffered amended answer.

It is also insisted by the defendants that the testimony upon which some of the new allegations in the offered amended answer were based had been received in evidence without objection and without any motion to strike them out on the part of the plaintiff. In our opinion, the request of the defendants for permission to file the proposed amended answer should have been granted upon such terms as to the trial court seemed proper, and that the denial thereof was prejudicial error and an abuse of discretion, and the decree of the trial court is reversed in so far as the transfer of the apartment property is involved.

The petition in this case also complained of a transfer on May 28, 1932, from Herman Nachschoen to his daughter, Lillian Nachschoen, of lot 226, Mountclair addition to Omaha, for a consideration of one dollar and of a transfer by the daughter to the wife of this same property. The decree found that such transfer of this property was

fraudulent and void as to the judgment of the plaintiff herein, and directed that said property be sold on execution, subject to the encumbrance thereon, and subject to the homestead rights of the defendants therein. The court finds that the evidence clearly supports this finding by the trial judge, and the provision of the decree in reference to this homestead property is hereby affirmed.

AFFIRMED IN PART AND REVERSED IN PART.