ROBERT BUTKE, APPELLEE, V. HERMAN NACHSCHOEN ET AL., APPELLANTS.

275 N. W. 318

FILED OCTOBER 8, 1937. No. 29849.

*O'Sullivan & Southard,* for appellants.

*Floersch & Floersch, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and CHAPPELL, District Judge.

MESSMORE, J.

This is an action in the nature of a creditor's bill. The plaintiff seeks to set aside a conveyance made by Herman Nachschoen to his wife Anna. The decree of the district court for Douglas county set aside such conveyance as fraudulent. Defendants appealed, and this court, in an opinion reported in 132 Neb. 514, 272 N. W. 326, held that the defendants were entitled to file an amended answer. All parties asked a rehearing, which was granted. By agreement of the parties hereto in their motions for rehearing, the amended answer of the defendants is to be considered as filed. The cause was argued and submitted, and is now tried in this court *de novo.*

Plaintiff's petition alleges the plaintiff obtained a deficiency judgment against the defendant Herman Nachschoen and others in the amount of $18,843.07, on June 28, 1934; that Herman Nachschoen voluntarily transferred by warranty deed for a consideration of one dollar, love and affection, to Joseph Bohan, the south 48 feet of lot 4, block 44, Omaha, Nebraska, which was transferred by

Joseph Bohan for the same consideration on May 28, 1932; that said conveyances were made without consideration and for the purpose of hindering, delaying and defrauding the creditors of Herman Nachschoen, and especially the plaintiff; and prays that said conveyances be set aside.

Defendants' amended answer admits the obtaining of the deficiency judgment by plaintiff; that execution was returned wholly unsatisfied; and alleges that defendant Anna Nachschoen was and is the owner of the real estate described in plaintiff's petition; that the deed conveying said real estate to Bohan was signed by Herman Nachschoen simply as the husband of Anna Nachschoen, and was given by Anna as security for a 1,000-dollar loan, made by John Bohan to Anna, which debt has been paid and reconveyance of the real estate had to Anna Nachschoen; that the conveyance of July 24, 1923, from Herman Nachschoen to Anna, his wife, was made ten years before the commencement of this action and more than ten years before recovery of plaintiff's judgment; that plaintiff knew of said conveyance at the time the same was made; and pleads the statute of limitations. Plaintiff's reply alleges the indebtedness of Herman Nachschoen to plaintiff as of June 1, 1922, and that the transfer of the real estate in question from Herman Nachschoen to his wife Anna was without consideration.

The principal facts are as follows: Robert Butke, the plaintiff, a contractor, contracted with defendant Herman Nachschoen to build a garage at Seventeenth and Cass streets, in Omaha, Nebraska, for the amount of $18,500, which contract was dated May 22, 1922. Three thousand dollars was paid by Herman Nachschoen, as provided by the contract; $12,000 was not paid, as provided by the contract, Nachschoen having failed to secure a loan which he had anticipated. Butke then took a first mortgage on the property for $12,000 and a second mortgage for $3,500, dated July 1, 1922. In the spring of 1923, Butke entered into another contract with Nachschoen, which resulted in the purchase of a lot for $9,000 by Butke and a transfer

·of the lot to Nachschoen on July 7, 1923. The 12,000-dollar first mortgage and the 3,500-dollar second mortgage were released on October 17, 1923, and a first mortgage for $30,000 and a second mortgage for $10,000 were taken on the whole building, including the additional lot. Said mortgages were dated October 1, 1923, due in ten years.

On July 24, 1923, Herman Nachschoen transferred real estate, known as the Herman Apartments; that is, the south 48 feet of lot 4, block 44, in Omaha, to his wife Anna, the consideration recited in the deed being one dollar, love and affection. Nachschoen testified that at the time of the conveyance he had a credit rating of $50,000; had paid $7,500 for the lot upon which the original garage was erected, and had paid $3,000 on the contract when the garage was being built; and had no existing debts; that the mortgage on the garage was foreclosed, and a deficiency judgment, in the sum of $18,843.07, was obtained on June 28, 1934. Anna Nachschoen testified that she withdrew from the Omaha Loan & Building Association $4,000 and took $1,000 from her safe deposit box. Her pass-book shows a withdrawal of $4,021.45 as of date July 24, 1923, the date of the conveyance of the real estate by her husband to her; that Butke was present when she made the withdrawal, and that her husband paid the money to Butke in the purchase of the 9,000-dollar lot. At the same time she contracted with Butke to build some porches on the property, just conveyed to her by her husband, in the amount of $500. Her husband told substantially the same story, stating that $500 of the $5,000 was paid on the porches, and that the deed was made from him to his wife for the amount of money advanced to him; that he gave a check for $3,000 on July 30, and that $1,000 was kept out, as security for the building, by the architect Guth. This testimony is corroborated by exhibit 28, in a statement of account rendered by Butke on January 6, 1924, in which appears the following: "The one thousand dollars you agreed to pay December 4, 1923, are now due according to the referee." Butke's bank book from the First Na-

tional Bank of Omaha showed a deposit of $3,000 on July 30, 1923, and a deposit of $5,278.20 on the same day. Butke's explanation of the latter deposit was that it was the proceeds from the sale of liberty bonds, and that the 3,000-dollar deposit came from Guiou Lumber Company, being surplus money which he had permitted the company to use in its business and for the use of it the company paid him a percentage. Butke denied that Nachschoen had paid him anything on the 9,000-dollar lot. Butke's testimony that on October 1, 1923, settlement was made, as per agreement, by the giving of the new mortgages for $40,000, would indicate that this amount was made up of the balance due on the original mortgage of $15,000, the amount paid by plaintiff for the lot, upon which the addition was built, for $9,000, and the amount of the contract for the addition in the sum of $20,000, making a total of $44,500. Five hundred dollars was paid on the principal of the original second mortgage, and some interest payments were had. This would leave $44,000 due and owing, and Butke stated that the two mortgages for $40,000 were taken in payment. This evidence, defendant Nachschoen contends, corroborates the testimony of himself and his wife as to the 4,500-dollar payment which they say was made at the time the plaintiff purchased the lot for the addition, and this does seem to be established by the documentary evidence as herein set out. Butke's statement in this regard was to the effect that he had made a proposition to build the addition for $17,000; that Nachschoen was not satisfied with the price, desired to finish the roofing himself, and Butke gave him a credit of $550; that the architect was given a credit of $250, making a total credit of $800, which was deducted from the $17,000, leaving a balance of $16,200. This added to the items $15,000 and $9,000 for the lot purchased made a total of $40,200. Butke eliminated the $200 and considered the debt at $40,000. The garage building, when completed, together with the addition, was rented for $400 a month for the first three years and $450 a month thereafter, and every payment of

principal and interest becoming due on the $40,000 was paid by Nachschoen up to April of the year, 1931. There is some evidence in the record that Nachschoen did not pay the taxes, amounting to $3,993, which were finally purchased by Butke, and Nachschoen's note was taken in payment of the back taxes.

Appellee contends that the plaintiff was an existing creditor of the judgment debtor at the time of the conveyance from Nachschoen to his wife Anna; that the burden of proof is on the defendants to show by a preponderance of the evidence that the transfer was in good faith and for a valuable consideration, and that defendants have failed in their proof. Appellee cites *Omaha Brewing Ass'n v. Zeller,* 4 Neb. (Unof.) 198, 93 N. W. 762, wherein it was held: "An indebtedness on notes, which is by express agreement incorporated, with other indebtedness, into other notes, and finally merged into a judgment on the last note, will be held to have existed from the inception of the first note, although open accounts have been made and settled in much larger amounts in the meantime,"— indicating that plaintiff was an existing creditor of defendant Nachschoen on July 1, 1922, more than a year before the conveyance in question was made; that the conveyance from Nachschoen to his wife was presumptively fraudulent, and the burden of proof was on the defendants to establish good faith by a preponderance of the evidence, and citing *Christensen v. Smith,* 123 Neb. 388, 243 N. W. 118, and other cases. The principal contention of the appellants is to the effect that the evidence is sufficient to sustain the transfer by Nachschoen to his wife Anna on the basis of an adequate consideration.

We believe, after a careful reading of the record and considering the documentary evidence introduced in this case, that at the time of the transfer of the real estate in question by Nachschoen to his wife he was solvent, had no existing debts, and, in fact, had a credit rating, according to his own testimony, in the sum of $50,000. The mortgage on the garage was not excessive, and when the

extension was built thereon and the new lot purchased and new mortgages taken, the rentals indicated that the property was valuable. The payments required of him were made by Nachschoen up to April, 1931. Butke knew that Nachschoen owned the property which he conveyed to his wife, and the consideration passing from Anna Nachschoen to her husband, as shown by the evidence, was, in reality, $4,000. The property she received had an encumbrance of between $4,500 and $5,000 against it, and the total value of such property was $10,000. The transfer from Anna Nachschoen to Joseph Bohan and the reconveyance for the loan made to Anna by John Bohan, father of Joseph, fail to show fraud, especially when such conveyances were made in 1932, and the conveyance sought to be set aside was made in 1923.

In 27 C. J. 415, fraudulent conveyance is defined as follows: "A conveyance is declared to be fraudulent when its object or effect is to defraud another, or the intent with which it is made is to avoid some duty or debt due by or incumbent upon the party making the transfer."

The burden of proof in this case, as established by the law of Nebraska, is on the defendants below. *Lincoln Trust Co. v. Sweeney*, 124 Neb. 686, 248 N. W. 67; *Christensen v. Smith, supra*. And if the evidence discloses that the conveyance was made in good faith for an adequate consideration then such conveyance may be sustained.

In *Farrington v. Stone*, 35 Neb. 456, 53 N. W. 389, it was held: "While a transfer of property to a relative by a person liable on a claim, where the effect will be to defeat the payment of the same, will be scrutinized very closely, yet it will be sustained, if made in good faith for an adequate consideration."

In *Blair State Bank v. Bunn*, 61 Neb. 464, 85 N. W. 527, it was held: "A transfer of property by a debtor to a relative, which has the effect of hindering or delaying other creditors in the collection of their debts, will be scrutinized very closely; yet it will be sustained if made in good faith and for an adequate consideration."

In *Luikart v. Tidrick*, 126 Neb. 398, 253 N. W. 414, it was held: "A *bona fide* debt due from husband to wife is a good and sufficient consideration to support conveyance of property as security for such debt."

"The question of fraudulent intent is to be considered as of the time when the conveyance is made, and with reference to the particular conveyance alleged to have been fraudulent as against creditors." *Tanner v. Frink,* 103 Neb. 817, 174 N. W. 417.

The defendants have proved the *bona fides* of the conveyance, and the judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.