MARSHALL & ILSLEY BANK and another, Respondents, vs. STEPKE and others, Appellants.

*April 12—May 17, 1938.*

40

For the appellants there were briefs by *Edward G. Minor* of Cudahy, attorney, and *Ward Dunphy* of Cudahy and *John L. Newman* of Milwaukee, of counsel, and oral argument by *Mr. Dunphy* and *Mr. Newman*.

For the respondents there was a brief by *Churchill, Bennett, Churchill & Davis,* attorneys for the Marshall & Ilsley Bank, and *E. J. Mueller,* attorney for Walter M. Gaudynski, and oral argument by *Mr. Mueller, Mr. Joseph E. Rapkin,* and *William H. Churchill, Jr.,* all of Milwaukee.

FOWLER, J. As appears from the foregoing statement of facts, conveyances were set aside as fraudulent against creditors and the properties conveyed to the defendant daughter of the two other defendants were subjected to the creditors' claims. The findings of fact are attacked as against the clear weight and great preponderance of the evidence.

The finding of fraudulent intent of the parents must be sustained as supported by the evidence. The court stated in an opinion filed that the testimony of all three Stepkes, especially in view of their demeanor on the stand, "must be disregarded as utterly incredible" so far as it conflicted with the court's findings respecting fraud and consideration. The defendant daughter was given the benefit of not participating in the actual intent to defraud by being given a lien for $400 given for the conveyances to her and used to pay off a mortgage on one of the parcels conveyed to her as in accordance with sec. 242.09 (2), Stats. :

"A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment."

This is the utmost relief to which she can justly claim to be entitled. But for the contentions briefly discussed below we would affirm the judgment without opinion under Rule 64.

The debts of the parents were all secured by mortgages on real estate, and by reason of this fact the appellants make three contentions stated below under paragraphs (1), (2), and (3).

(1) The first proposition is that because the debts were secured by mortgages the mortgagors should be considered as free from debt. That would be equivalent to holding that under the Uniform Fraudulent Conveyance Act, the grantors were not debtors. The value of the security at the time the conveyances were made bears upon the intent to defraud, but

under the terms of subs. (3) and (4) of sec. 242.01 of that act a mortgagee is a creditor and a mortgagor is a debtor:

"(3) 'Creditor' is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent.

"(4) 'Debt' includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent."

(2) The second contention referred to is that when a debt is secured by mortgage there is no presumption of fraud, as the grantor may have considered the security ample when he made the transfer, although it eventually turns out not to be. As above stated, the fact that mortgages were given to secure the debts bears upon the question of fraudulent intent of the grantors in a transfer attacked as fraudulent. As to whether in such case a presumption of fraud arises, we see no need to consider because in the instant case the trial judge's finding of fraudulent intent rests, not upon presumption, but upon evidence "overwhelmingly" establishing it, as he himself stated in his opinion.

(3) The third contention above referred to is that a secured creditor cannot move to set aside a transfer of property as in fraud of him until he has exhausted his security.

The judgment of the plaintiff bank on which execution was returned unsatisfied was rendered in a suit on the mortgage note. The mortgage was a second mortgage, and the security was exhausted on foreclosure of the first mortgage with nothing over to apply on the bank's mortgage. As to that mortgage the contention would seem to be pointless. *Burnett's Adm'x v. Farmers' National Bank*, 243 Ky. 760, 49 S. W. (2d) 1033.

As to the claim of the plaintiff Gaudynski, the suit in which his judgment was rendered was also brought upon the mortgage note. Action has since been brought to foreclose the mortgage also, which at time of trial had gone to judg-

ment.. The respondents urge that the defendants are not in position to urge that action by this plaintiff was prematurely brought as they did not set it up by answer or suggest it on the trial below. Factual situations not presented or raised below will not be considered on appeal. *Herro v. Heating & Plumbing F. Corp.* 206 Wis. 256, 263, 264, 239 N. W. 413, states the general rule and indicates its exceptions. Points of law sometimes are considered, depending on the circumstances. In the instant case, whether the plaintiff Gaudynski shall have need to go beyond his mortgage security to satisfy his judgment will quite likely have been decided by the mortgage sale by the time the instant case is terminated, in view of the receivership and accounting involved. If there is no need to resort to execution, the defendants will not be harmed by his joining with the plaintiff bank in the action.

That the court need not consider the proposition urged by appellants under this head is doubtless correct. *Crescent Lumber Co. v. Larson,* 166 Cal. 168, 135 Pac. 502. But except where statutes limit enforcement of debts secured by mortgage to foreclosure of the mortgage, as is the rule in the states in which the cases relied upon by the appellants were decided, a mortgagee is a creditor and may resort to a creditor's bill without waiting to procure a deficiency judgment in the foreclosure suit. Such is the general rule. *Tucker v. McDonald,* 105 Mass. 423, 424; *Dondis v. Lash,* 277 Mass. 477, 178 N. E. 624; *Merchants' Bank of Mobile v. Parrish,* 214 Ala. 96, 106 So. 504, 506; *Burnett's Adm'x v. Farmers' National Bank, supra; Security Ben. Asso. v. Schwartz,* 146 Kan. 267, 70 Pac. (2d) 16; *Lincoln Savings & Loan Asso. v. Mann,* 129 Neb. 26, 260 N. W. 559; *Christensen v. Smith,* 123 Neb. 388, 243 N. W. 118. The cases cited by appellants in support of their contention are *Carson v. Long-Bell Lumber Co.* (8th Cir.) 73 Fed. (2d) 397; *Norton v. Blenkiron,* 138 Cal. App. 66, 31 Pac. (2d) 807; *Barnes v. Buffalo Pitts Co.* 6 Idaho, 519, 57 Pac. 267; *Per-*

*kins v. Bundy,* 42 Idaho, 560, 247 Pac. 751. The rule that action at law cannot be brought upon a note which is secured by a mortgage has never obtained in this state, except as sec. 269.58, Stats., may provide as to mortgages executed after its enactment. *Cavadini v. Larson,* 211 Wis. 200, 248 N. W. 209; *Hanauer v. Republic Building Co.* 216 Wis. 49, 255 N. W. 136, 256 N. W. 784. The execution of the Gaudynski mortgage antedated enactment of sec. 269.58, Stats. It may be that if a mortgagee were alone to bring a creditor's suit, and it were shown that his security was ample to satisfy his claim in full, the suit would be dismissed because of the adequacy of his remedy by foreclosure. There are statements in adjudicated cases that seem so to indicate. But as above stated no such issue was here raised, and the factual situation in that regard not having been raised was not tried. It is true some evidence as to the value of the property included in the Gaudynski mortgage was introduced, but it is meager. It might have been fuller and more reliable had the issue been directly raised. It cannot be said from the evidence as to value here that the mortgaged property will sell for enough to pay the debt. It rather appears to the contrary, in view of the well-known condition of the real-estate market during these "depression" years, of which we have heretofore taken judicial notice in mortgage foreclosure cases. *Suring State Bank v. Giese,* 210 Wis. 489, 246 N. W. 556.

*By the Court.*—The judgment of the circuit court is affirmed.