GEORGE T. HUNTER ET AL., PLAINTIFFS IN ERROR, V. JOHN C. SOWARD, DEFENDANT IN ERROR.

1. **Attachment:** GROUND FOR. The fact that a debtor designs to sell his property, or to remove it beyond the jurisdiction of a court, when not accompanied by an intent to defraud his creditors, is not ground for an attachment.

2. ———. Affidavits examined, and the order of the district judge discharging the attachment sustained.

ERROR to the district court for Hamilton county. Heard below before GEORGE W. POST, J.

*P. Likes* and *J. H. Smith,* for plaintiffs in error.

*Hainer & Kellogg* and *John D. Hayes,* for defendant im
error.

LAKE, CH. J.

. This is a petition in error from Hamilton county. The
matter complained of is an order of the judge of the district
court, made at chambers, dissolving an attachment of prop-
erty.  The affidavit for the attachment was made by one
of the plaintiffs; and it stated as a reason therefor that the
defendant was "about to remove" and "dispose of his
property, or a part thereof, with the intent to defraud his
creditors."

The plaintiffs' demand in the action, as described in the
affidavit, was for "the sum of four thousand four hundred
and fourteen dollars and ninety-six cents, now due and
payable from the defendant upon certain promissory notes,
bills of exchange, and receipts for money advanced by
plaintiffs to defendant at his request."

The motion to dissolve was upon three grounds, viz.:
1st, That the alleged cause of action was not one on which
an order of attachment could rightfully issue.  2d, That
the bond given by the plaintiffs was defective.  3d, That
the facts alleged in the affidavit for the attachment were
untrue.  There is no merit in the first point, so far as we
can discover.  The pleadings in the main action are not in
the record before us; nor are the instruments on which the
action was brought.  Their names and description alone,
however, import that they are for the payment of money,
which may be enforced by attachment where proper cause
is shown.  The question raised upon the bond was disposed
of by an amendment, so that, apparently, the only one left
for consideration is that of the merits of the attachment as
disclosed by the several affidavits considered by the district
judge.  To these we will give our attention.

The only additional showing to that above stated, made

by the plaintiffs, was, substantially, that after incurring his obligations to the plaintiffs he had advertised a sale of his personal property at auction, sold some of it accordingly, and had put his real property in charge of an agent for sale, with the oft avowed design of going "to Wyoming territory to go into the cattle business." Also that he had at different times stated to the plaintiff Tate that he "never intended to pay the plaintiffs anything, or any part of their said claim against him," for the reason "that if he did, it would break him up," and "that he would just as soon be broken up lawing as in paying the plaintiffs' claim against him." These alleged statements of the defendant, except those as to his design to go to Wyoming, are shown only by the affidavit of the one to whom they are said to have been made—James Tate.

On the part of the defendant, the alleged indebtedness to the plaintiff is denied by him. He also denies that he made the statements which James Tate ascribes to him. He admits, however, that it was his intention to go west, with the view of engaging in the cattle business, and to this end he had offered his land for sale. He also shows by his own affidavit, which is not opposed by any but that of the plaintiff Tate, that this design to go to Wyoming was formed before the transactions out of which his alleged indebtedness arose took place, and that he had previously begun to arrange his affairs accordingly. He also shows, and it is not disputed, that, aside from the plaintiff's demand, he was owing only five thousand one hundred and ninety-four dollars and fifty cents, and was possessed of property, personal and real, of the value of twelve thousand seven hundred dollars.

As to the auction sale of his personal property, or rather, a portion of it, he shows by his own oath, corroborated by most of his creditors (save the plaintiffs), who advised him to it, that it was "the most advisable and feasible plan" he could pursue for paying his debts, which were then somewhat.

pressing.   The plan adopted by him and followed on the advice of his principal creditors was, to make a public sale of his property on time, taking good security therefor, and discount the notes so received, and with the proceeds thereof pay the whole or a portion of the debts so by him at that time owing.

Pursuant to this scheme he sold some sixteen hundred dollars worth of his personal property, and applied the proceeds faithfully toward the payment of his debts.   It is true, as the plaintiffs say, that none of the money went to them; but this is accounted for by the fact that theirs was a disputed claim.   There was no pretense, however, that the defendant had not enough property to pay all of his debts, including the full amount of the plaintiffs' demand. Indeed, by his own undisputed showing, it was established that he had enough for this purpose and over four thousand dollars to spare, so that any judgment they were possibly entitled to could have been collected by an ordinary execution.

To sustain the attachment, there was really nothing shown but the facts that he refused to recognize the plaintiffs' demand as a binding obligation, and proposed, if he could sell his real estate for a satisfactory price, to remove to the territory of Wyoming and "go into the cattle business." The defendant's purpose to "remove" and "dispose of his property" was established; indeed it was conceded; but the charge that this was accompanied with a "fraudulent intent" was not.   The fact that a debtor has formed a design to remove his property beyond the jurisdiction of a court, or out of the state even, when not accompanied by an intent to defraud his creditors, furnishes no ground for an attachment.   *Steele v. Dodd*, 14 Neb., 496.

We are of opinion that the ruling of the district judge was right, and it is affirmed.

ORDER AFFIRMED.

ALL of the judges concurred.