EMERY S. ELLIS ET AL. V. ALICE MUSSELMAN ET AL.

FILED FEBRUARY 6, 1901. No. 9,352.

1. **Creditor:** SECURITY FROM INSOLVENT DEBTOR: INTENT TO DEFRAUD.
A creditor may lawfully accept security from an insolvent debtor,
but it is not permissible to do so for the purpose, and with the
intention, of defrauding other creditors.

2. **Mortgage:** FORM OF ABSOLUTE DEED: INSOLVENT DEBTOR: BADGE OF
FRAUD: WITHHOLDING FROM RECORD: EXAGGERATED CONSIDERA-
TION. A mortgage in the form of an absolute deed, when given by
an insolvent debtor, is a badge of fraud. So also, under some cir-
cumstances, is the withholding of such an instrument from rec-
ord, or the statement therein of a false and exaggerated consid-
eration.

3. **Evidence:** JUDGMENT. Evidence examined, and found to support
the judgment.

ERROR from the district court for Gage county.   Tried
below before LETTON, J.   *Affirmed.*

*L. M. Pemberton,* for plaintiffs in error.

*F. B. Sheldon* and *Frank T. Ransom, contra.*

SULLIVAN, J.

The purpose of this action, which was brought by the
defendants in error in the district court for Gage county,
was to have the real estate described in the petition sold
for the satisfaction of certain judgments recovered by
them against Joseph Ellis.   A trial of the issues formed
by the pleadings resulted in a finding that Ellis, the
former owner of the property, transferred it to his sons,
the plaintiffs in error, on April 8, 1895, and that the
deeds of conveyance were made and received for the pur-
pose, and with the intention, of hindering, delaying and
defrauding the grantor's creditors.   A decree was ren-
dered awarding the relief for which the creditors prayed.
The only question discussed by counsel is the sufficiency
of the evidence to sustain the conclusion of the trial court.
As the result of a careful reading of the record our con-

viction is that the judgment rendered does complete jus-
tice between the parties and should not be disturbed.
It is true that Joseph Ellis was indebted to his sons at
the time he conveyed to them the land in question; but
that fact did not necessarily make the conveyance valid,
nor shield them from the assaults of creditors. The
plaintiffs in error might lawfully accept security from
their father, but it was not permissible for them to do
so with the intention of defrauding other creditors. If
a conveyance is the product of two motives, one innocent
and the other corrupt, it is, according to all the authori-
ties, within the proscription of the statute of frauds.
*Hedrick v. Strauss*, 42 Nebr., 485; *Landauer v. Mack*, 43
Nebr., 430. The rule upon this subject is thus perspicu-
ously stated in the American and English Encyclopedia
of Law: "Although a creditor who obtains from an in-
solvent debtor an assignment of property in payment of,
or as security for his debt, may know that his debtor is
acting with the design of delaying and defrauding other
creditors, he will not lose his preference by reason of
such knowledge, if he takes the assignment in good faith,
and without any view of aiding in the consummation of
the purpose, further than necessarily results from secur-
ing a preference to himself. If, however, it appears from
the circumstances attending the transaction that the pre-
ferred creditor was not acting with the sole purpose of
securing the payment of his own debt, but also from a
desire to aid the debtor in defeating other creditors, or
in covering up his property, or in giving him a secret
interest therein, or in locking it up in any way for the
debtor's own use and benefit, the creditor will not be
protected, but the transaction will be declared fraudu-
lent." Vol. 14, 2d ed., pp. 295, 296. Although the Ellis
boys knew that their father's affairs were involved and
that he was liable to be sued at any time, they took from
him warranty deeds which they withheld from record
for about nine months. Those deeds when recorded were
calculated to deceive creditors. They concealed the in-

terest of the father and proclaimed to the world that the absolute ownership of the property conveyed was in the sons. Neither of the deeds truly expressed the con- sideration for which it was given. Truth was not even approximated. The transaction, as the record reveals it, is flecked with the *indicia* of fraud. It was evidently de- signed by all the parties as a protection to the father as well as to the sons. The judgment is

AFFIRMED.