FARMERS & MERCHANTS IRRIGATION COMPANY, APPELLANT, v. PHŒBE A. BRUMBAUGH, APPELLEE.

FILED DECEMBER 7, 1906. No. 14,530.

Fraudulent Conveyances: EVIDENCE. In an action to set aside an alleged fraudulent conveyance, it appeared that the debtor, prior to the date of the judgment sought to be enforced, was indebted to various parties in large sums; that it was then agreed between the debtor and his wife that if she should pay the indebtedness, which at that time exceeded the value of the land, she should have a deed to the premises. It also appeared that the debtor's wife had advanced most, if not all, of the purchase price of the farm; that the wife, in pursuance of the agreement, paid the indebtedness of her husband from her own funds in an amount

exceeding the value of the land at the time the agreement was made, and secured a deed to the premises; that the creditor at the time of extending credit to the husband had full knowledge of the contract of the wife to purchase. *Held*, That the wife's deed could not be set aside by the creditors of the husband as a fraudulent conveyance.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*E. A. Cook,* for appellant.

*Warrington & Stewart* and *H. M. Sinclair, contra.*

EPPERSON, C.

The plaintiff company (appellant) brought this action against appellee, Phœbe A. Brumbaugh, and John H. Brumbaugh, her husband, alleging, in substance, that on November 5, 1903, plaintiff recovered judgment against John H. Brumbaugh in the county court of Dawson county, and later filed a transcript in the district court; that execution was issued and returned *nulla bona*, and that John H. Brumbaugh is insolvent; that on May 17, 1890, the Union Pacific Railroad Company conveyed by warranty deed to John H. Brumbaugh certain land in Dawson county, and on July 12, 1893, Brumbaugh and wife conveyed the land to H. V. Temple as security for money loaned defendants and for no other purpose; that appellee knew of the indebtedness of John H. Brumbaugh to appellant and knew that the same had not been paid; that on July 24, 1902, Temple, by quitclaim deed, conveyed the premises to appellee at the request of her husband, with the intent on the part of the said John H. Brumbaugh of defrauding this plaintiff; that at the time said land was conveyed to appellee she knew of the indebtedness of John H. Brumbaugh to plaintiff, and knew the same had not been paid, and knew that her husband had no other property from which said indebtedness could be paid. Plaintiff prayed that the conveyance

of Temple to appellee be set aside and the land decreed to be the property of John H. Brumbaugh, and that appellee be decreed only to have a lien thereon for money advanced by her for said John H. Brumbaugh, and for such other relief as may be just and equitable. Plaintiff introduced testimony tending to support the allegations of his petition.

Appellee alleged and proved that she was the wife of John H. Brumbaugh; that she and her husband came to Lexington, Nebraska, in 1884; that she has been engaged in business for herself from that date to the present time; that she carried a $5,000 stock, and had purchased several residence properties with her own funds; that she advanced from her own funds the purchase price of the farm in question, and paid for the improvements thereon; that her husband became indebted to the bank of which Temple was cashier, and also to other parties, in large sums, and the land was deeded to Temple as security; that in January, 1897, an oral agreement was entered into between appellee and her husband, by the terms of which it was agreed that appellee should pay off her husband's said indebtedness and have the land; that a written contract was made by appellee with Temple, whereby Temple agreed to convey the land to appellee when the indebtedness to the bank was fully paid. It is undisputed that, in pursuance of this understanding between the parties, appellee paid from her own funds more than $8,525.73 of her husband's said debts, and paid the taxes and placed improvements on the land, and thereupon Temple transferred the premises to her. The evidence of both parties discloses that in 1897, when the contracts above referred to were made, the land was worth only $4,000 or $5,000. In conformity to the prayer of appellee's answer, the court dismissed plaintiff's action and quieted the title to the land in appellee. Plaintiff appeals, contending that the decree is not sustained by the evidence and is contrary to law.

We are convinced that the learned trial judge reached the only conclusion warranted by the evidence. It is clear

that Mrs. Brumbaugh advanced most, if not all, of the purchase price of the land, and paid $8,525.73, and more, from her own funds for the deed from Temple to herself. The premises, therefore, are not subject to the payment of the husband's debts created after Mrs. Brumbaugh purchased the land. Again, it appears that Temple held the title as security, and had entered into the written contract to convey to appellee; that Temple was an officer of the plaintiff company, and, as such, in 1900 took from Brumbaugh the note upon which plaintiff obtained the judgment here sought to be enforced. We must conclude, therefore, that plaintiff extended credit to the husband with full knowledge of the appellee's title to the land, and thereby the question of fraud—the foundation of plaintiff's action—is eliminated from the case.

The district court was clearly right in dismissing the action and quieting title in appellee, and we recommend that the judgment be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.