E. H. LUIKART, RECEIVER, APPELLANT, V. HARRY TIDRICK ET AL., APPELLEES.

FILED MARCH 16, 1934. No. 28846.

*F. C. Radke, Barlow Nye* and *James E. Brittain,* for appellant.

*H. E. Siman, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CARTER and CHAPPELL, District Judges.

DAY, J.

This is a suit brought by the receiver of the Merchants State Bank of Winside, as judgment creditor, against Harry Tidrick, as judgment debtor, and Mae Tidrick, his wife, in the nature of a creditor's bill to set aside, in aid of execution, two bills of sale of personal property given by the husband to his wife. The receiver appeals from an order dismissing the suit.

The allegations of the receiver's petition are that on July 28, 1932, he recovered two judgments against Harry Tidrick on notes given to the bank prior to December 10, 1931; that executions had been returned *nulla bona;* that the instruments were executed March 7 and May 28, 1932, respectively, for the purpose and with intent to hinder, delay and defraud his creditors, especially the plaintiff; that there was no consideration and no change of possession of the personal property; that at the time these instruments were executed Harry Tidrick was indebted to plaintiff; and that the credit had been extended, relying upon his ownership of this personal property and owing his wife nothing as represented by his property

statements, which facts were known to his wife and estopped her from asserting a claim to this personal property.

The answer of defendant, Mae Tidrick, alleges that her husband was indebted to her, which was a good and sufficient consideration for the bills of sale. Both defendants denied fraudulent intent, and that the bank extended credit relying upon Harry Tidrick's ownership and lack of any indebtedness to his wife. The reply alleges that the purported debt was not a legal obligation of the husband to his wife; that she was estopped to assert a claim to the personal property; and that such claim was barred by her laches.

The Tidricks have lived for 35 years upon a 320-acre farm which has at all times been the property of Mrs. Tidrick. Mr. Tidrick operated the farm and borrowed money from various banks. In 1921 he was indebted over $8,000 to the Farmers State Bank of Winside when that bank was closed for insolvency. In May, 1921, Mae Tidrick executed a mortgage on the 160 acres of her land, not occupied by the buildings as a homestead, to the Forgan Investment Company to secure $8,000 to pay Harry Tidrick's debt to the bank.

Subsequent to this, Harry Tidrick commenced doing business with the Merchants State Bank, and the indebtedness represented by the receiver's judgments was contracted during the years since. It seems that he was continuously indebted to the bank during this time, sometimes for a larger amount than others. From time to time he signed property statements for the bank. When the Merchants State Bank was closed, it held two notes of Tidrick, dated August 12, 1931, and September 4, 1931, for $550 and $630, respectively, due February 12 and March 4, 1932.

About February 1, 1932, the receiver's agent, in charge of the bank, notified Tidrick that these notes were due. It was suggested that he give a chattel mortgage on his personal property or secure Mrs. Tidrick's signature on a

note. This was not done. The receiver threatened to sue and shortly thereafter commenced action and secured judgments July 28, 1932.

Meanwhile the $8,000 mortgage Mrs. Tidrick had given on her land to pay Harry Tidrick's debts in 1921 had been renewed twice and had not been paid or reduced in amount, but was not due at this time. Mrs. Tidrick knew about the letters from the receiver to her husband and insisted that he give her some security for the debt. Tidrick then gave his wife two bills of sale of his personal property located on the farm where the parties resided.

The appellant rightly contends that the law is that where a husband transfers property to his wife, which prevents his creditors from enforcing payment of their claims, it is presumptively fraudulent as to them, and the burden is upon the wife to prove otherwise. *Glass v. Zutavern,* 43 Neb. 334; *La Borde v. Farmers State Bank,* 116 Neb. 33, and many other cases too numerous to cite. "This court has frequently held that a deed by a debtor to an immediate member of his family is presumptively fraudulent as to existing creditors, and in litigation between him and the grantees on that issue the burden is on the vendee to establish the good faith of the transaction by a preponderance of the evidence. *Christensen v. Smith,* 123 Neb. 388, and cases cited therein." *Peterson v. Wahlquist,* 125 Neb. 247. However, this is merely a rule of evidence which has for its purpose the prevention of fraud and recognizes the natural tendency of relationships which sometimes induce them to protect each other from the legitimate claims of creditors. But the law does not prohibit business transactions between husband and wife. It merely recognizes that, where the transactions intervene the right of creditors of the husband, they shall be closely scrutinized.

Did the appellees in this case sustain the burden of proof and establish by a preponderance of the evidence that the sale was not fraudulent? There was a good and sufficient consideration for the bills of sale. In 1921 the

wife executed a mortgage on her individual property to secure $8,000, every dollar of which was paid to the receiver of the Farmers State Bank of Winside on her husband's debt. That mortgage had been renewed twice without reduction and was not due at the time the bills of sale were executed. The wife testified, as also did the husband, that he had agreed to pay back this amount. He had paid the interest all the time. It was unquestionably a *bona fide* debt. A *bona fide* debt due from husband to wife is a sufficient consideration to support conveyance of property as security for such debt. *Farmers & Merchants Irrigation Co. v. Brumbaugh*, 77 Neb. 702; 27 C. J. 562.

A debtor may, in the absence of fraud, prefer one creditor over another. The rule is stated in 27 C. J. 634: "An actual preference of a valid debt is not rendered fraudulent by the fact that it was made and accepted with the intent to defeat a judgment or execution against the debtor." An insolvent debtor may in good faith pay or secure a valid debt of one creditor to the exclusion of the others. *Kilpatrick-Koch Dry Goods Co. v. McPheely*, 37 Neb. 800; *Farwell Co. v. Wright*, 38 Neb. 445; *Chaffee v. Atlas Lumber Co.*, 43 Neb. 224.

Is Mrs. Tidrick estopped in this case to claim the personal property against the creditors? The appellant grounds his proof of estoppel on the part of the wife upon a property statement made by the husband to the bank January 22, 1931, in which it is claimed he did not list as a debt the $8,000 now claimed due his wife. There is no evidence that Mrs. Tidrick made this statement to the bank or knew anything about it. It does not appear that she had by any act or misrepresentation misled any one to his prejudice. Anyhow the property statement taken by the bank did not mislead any one about anything. We refrain from further comment upon that property statement which is and was in 1931 interesting fiction incapable of deceiving any one, even a banker or bank examiner. There is no evidence of an estoppel by her mis-

representation or by silence when it was her duty to speak.

Is Mrs. Tidrick estopped by her laches to assert her claim against her husband? In this connection the appellant relies strongly upon *Wake v. Griffin,* 9 Neb. 47. The facts distinguish the case at bar from the *Griffin* case which is clearly evident from a reading of the entire case. Even the syllabus refers to the transaction as a pretended loan of money. The evidence is clear and convincing in this case that there was a loan of money. Appellant emphasizes the fact that when the husband inherited considerable money he did not pay the mortgage on his wife's land. The evidence is that they talked about the matter, and she permitted him to pay instead his indebtedness to this same bank, because the interest on the mortgage was lower, and it was not then due. The interest was paid by Mr. Tidrick and until default of payment of interest or principal Mrs. Tidrick was not injured.

An examination of the assignments of error and the argument thereon does not disclose error on the part of the trial judge. Our conclusion is the same as that of the trial court.

AFFIRMED.