JOHN H. REIFENRATH, RECEIVER, APPELLANT, v. CLARA K. DOVER ET AL., APPELLEES.

273 N. W. 205

FILED MAY 14, 1937. No. 29812.

*Frederick M. Deutsch,* for appellant.

*Willis E. Reed* and *M. S. McDuffee, contra.*

Heard before GOSS, C. J., DAY and CARTER, JJ., and TEWELL and YEAGER, District Judges.

TEWELL, District Judge.

This is an action in the nature of a creditor's bill wherein the relief sought is to have one conveyance of real estate by deed and four separate conveyances of personal property by bills of sale declared void as to creditors and to have all of the property conveyed subjected to the payment of two judgments held by the plaintiff, John H. Reifenrath, as receiver of the First National Bank of Madison, Nebraska. The trial court declared each of the conveyances of personal property void as to creditors, but refused to declare void the conveyance of the real property. From such decree granting only partial relief the plaintiff appeals. Neither appeal nor cross-appeal was filed by any defendant.

To an understanding of the issues involved, a somewhat detailed statement of the facts is required. One August Preuss was the first husband of the defendant Kathrina Raguse. He died testate about the month of February, 1901, and left surviving him his widow, Kathrina Preuss, now said Kathrina Raguse, and three living sons, all sons of said Kathrina Raguse, namely, Henry, Edward and William Preuss. Several months after his death a posthumous daughter of August Preuss was born to his widow.

This daughter is now the defendant Clara K. Dover. The will of August Preuss was admitted to probate in April, 1901. The decree in the probate proceedings named his posthumous daughter, his widow and said three sons as his only heirs. At the time of his death said August Preuss owned the southwest quarter of section 11, and the southeast quarter of section 10, all in township 21 north, range 2 west of the 6th P. M., in Madison county, Nebraska. Said will devised these two quarters to said widow for life, and provided that after the death of said widow the said southeast quarter should belong to said son Henry and the said southwest quarter to said son Edward. By the will the said southeast quarter was charged with the payment of $2,500 by Henry to the son William and the said southwest quarter was charged with the payment of $1,500 by Edward to said son William. No provision was made in the will for the posthumous daughter. Not one of said three sons is a party to this action. A few years after the probate of the will the widow of August Preuss was married to Fred Raguse. To this second marriage were born four children, three of whom, namely, Ella, Rose and Fritz Raguse, are parties defendant in this action. The defendant Roy N. Dover is the husband of the defendant Clara K. Dover. About the year 1917 Fred Raguse was adjudged incompetent and his wife, Kathrina Raguse, was appointed as his guardian. Said defendant has been such guardian at all times since such appointment. Said Fred Raguse is still living, but is not a party to this action. A few years prior to the year 1920 the defendant, Kathrina Raguse, acquired title to the northwest quarter of the above mentioned section 11. This quarter-section of land is the land involved in this action. It does not appear that either of the said husbands of the defendant Kathrina Raguse ever had any interest in this quarter-section. In January, 1920, the defendant Kathrina Raguse and her sons Edward and William and her said daughter Clara conveyed by deed all of their interest in the southeast quarter of said section 10 to said son Henry Preuss, who by the will of his father

had acquired a remainderman's interest in said quarter. In October, 1920, the defendant Kathrina Raguse and her sons Henry and William and her said daughter Clara conveyed all their interest in the southwest quarter of said section 11 to said son Edward, who by the will of his father had acquired a remainderman's interest in such quarter. The First National Bank of Madison became insolvent and was closed on January 20, 1933, and a receiver thereof appointed. On the next day after the bank was closed the defendant Kathrina Raguse, without her husband joining in the deed, conveyed the northwest quarter of said section 11 to the defendant Clara K. Dover. It is this conveyance that the plaintiff seeks to have declared void as to creditors. At the time of this conveyance the defendant Kathrina Raguse was indebted to said bank upon several notes signed only by herself and upon two other notes signed by herself and the defendant Roy N. Dover. On September 18, 1933, the plaintiff, as receiver of said bank, recovered a judgment upon the notes first above mentioned against the defendant Kathrina Raguse for the sum of $9,227.06 and also on that date recovered a judgment against the defendants Kathrina Raguse and Roy N. Dover upon the notes last above mentioned for the sum of $2,787.03. Three bills of sale dated October 9, 1933, and executed by the defendant Kathrina Raguse were filed for record with the county clerk of Madison county, Nebraska, on October 10, 1933. In one of these bills of sale the defendant Rose Raguse was named as grantee, in another the defendant Ella M. Raguse was named as grantee, and in the third the defendant Fritz Raguse was named as grantee. These bills of sale conveyed all of the live stock and farm implements owned by Kathrina Raguse. By a bill of sale both dated and filed for record October 10, 1933, the defendant Roy N. Dover conveyed all of his live stock and farm machinery to his wife, Clara K. Dover. The conveyances by the four bills of sale above mentioned, the plaintiff seeks to have declared void as to creditors. After an execution upon each of the two judgments above mentioned

had been returned wholly unsatisfied, this action was brought on October 18, 1933.

The evidence discloses that the northwest quarter of said section 11 at the time it was conveyed to said Clara K. Dover had a value of from $10,400 to $12,800 and that it was encumbered by a mortgage upon which there was an unpaid balance of about $3,500. The deed to Clara K. Dover stated a consideration of $6,000, and contained a recitation to the effect that the $3,500 unpaid balance upon such mortgage was a part of such consideration. At the time of the trial of this action it was the claim of the defendant Clara K. Dover that, at the time she joined with her mother and two of her brothers in the deed conveying the southeast quarter of said section 10 to her brother Henry in January, 1920, she had a verbal agreement with her mother to the effect that, in consideration of her conveying her interest in said quarter to Henry and her interest in the southwest quarter of said section 11 to Edward, she should acquire a quarter-section of land upon payment by her of $6,000 to her mother. This amount she claims she paid by agreeing to pay the unpaid balance of $3,500 upon said mortgage and by agreeing to pay her mother $2,500 in money. It is claimed by the defendant Clara K. Dover that, at the time of such conveyances to Henry and Edward, each of said grantees paid his mother the sum of $6,000. Clara K. Dover, being born after the execution of her father's will and being by statute (section 30-118, Comp. St. 1929) considered as living at the date of her father's death, and the father's will not disclosing any intent to disinherit her, claims to have inherited the same interest in her father's estate that she would have inherited if he had died intestate after she was born (section 30-226, Comp. St. 1929). For the purpose of this opinion, we conclusively assume that she did so inherit, although whether or not she did is immaterial in this action except as such inheritance furnishes a consideration for the verbal agreement she claims existed between herself and her mother. The deed to Henry and also the deed

to Edward each recited a consideration of $6,000, and the land conveyed by each deed was clear of encumbrance. No competent proof of such payments of $6,000 by Henry and Edward to their mother is shown in the record except the testimony of the defendant Kathrina Raguse. It is conceded by all that no consideration of any kind was given for any one of the bills of sale. No consideration was given for the deed to Clara K. Dover, if it was not given to pay an existing obligation to the grantee, other than the promise of Clara K. Dover to pay her mother $2,500 in money and to pay the unpaid balance of $3,500 upon said mortgage. It is the claim of Clara K. Dover that she and her three full brothers each owned an equivalent of 80 acres in the half-section formerly owned by her father, and that the agreement upon which she relies was to the effect that each of the four should be given 80 acres and be permitted to buy another 80 acres for the sum of $6,000. She also testified that at the time of the agreement and the conveyance to Henry in January, 1920, her mother mentioned the "north eighty" of the quarter involved herein as being the one to be given to her. No claim is made in the record to the effect that the agreement was of such a nature that Clara could have enforced a conveyance of the entire quarter to her by legal proceeding. Certainly the evidence does not prove the existence of such an agreement.

Many circumstances are shown in the record that are probative of the nonexistence of such an agreement as that claimed by the defendant Clara K. Dover. On August 23, 1933, after actions to recover the two judgments above mentioned had been commenced, a conference was held in the bank building to determine ways and means of the defendants Kathrina Raguse and Roy N. Dover paying the debts due from them to the bank. The defendants Clara K. Dover, Roy N. Dover and Kathrina Raguse were present at the conference with M. B. Foster, an attorney who then was employed by the defendants. By the overwhelming weight of the evidence none of the defendants mentioned the agreement upon which Clara now relies, but

instead stated that the only consideration given for the deed to her was her agreement to pay her mother $2,500 at some indefinite time in the future and her agreement to pay the unpaid balance of $3,500 on the mortgage. The sum of $2,500 was to be paid, as stated by Roy N. Dover at the conference, whenever the grantee "felt like paying it." No writing evidenced the $2,500 item. No due date for its payment was provided. No provision for interest was made. No written memorandum or circumstance to prove the obligation of Clara to pay said sum of $2,500 is shown to have existed. Neither Henry nor Edward Preuss were called as witnesses to prove their payment of $6,000 each to their mother for the said conveyances in 1920. The defendants Dover lived upon the quarter-section involved continuously after about the year 1927 to the date of trial and paid rent to the defendant Kathrina Raguse even after the conveyance now attacked as void as to creditors. Taxes on this quarter were paid by the defendant Kathrina Raguse. It was not her homestead. The grantee Clara K. Dover knew of her mother's indebtedness to the bank, knew the bank had closed, and thereafter was active in acquiring the deed to herself. After the conference above mentioned was held, M. B. Foster no longer acted as attorney for the defendants, and after other attorneys had been employed the agreement, upon which the defendant Clara K. Dover relies, for the first time at the time of the trial of this action was claimed to have been made. This court has many times declared that a conveyance by an insolvent debtor to a near relative is looked upon with suspicion when attacked by a creditor of such debtor, and that in such a case the burden of proving the *bona fides* of the transaction is upon the grantee. *Buckner v. McHugh*, 123 Neb. 396, 243 N. W. 119, and cases cited. The evidence in this case is not sufficient to show that conveyance of the real estate to Clara was not made with intent to hinder, delay or defraud the creditors of the grantor, and is not sufficient as against other creditors to show that Clara was actually a creditor of her mother.

The defendant Clara K. Dover relies upon a rule, well established in this state, to the effect that an insolvent debtor may prefer his creditors. *Luikart v. Tidrick,* 126 Neb. 398, 253 N. W. 414. The said grantee also relies upon the rule to the effect that a preferential transfer of property by an insolvent debtor to one of his creditors is not fraudulent as to his other creditors, even though the debtor intended to thereby defeat the collection of the claims of his other creditors, and even though the preferred creditor had knowledge of such intention on the part of the debtor, if such preferred creditor does not participate in a fraudulent purpose, but merely seeks to obtain the payment or security of his own claim. *Clarke Drug Co. v. Boardman,* 50 Neb. 687, 70 N. W. 248; *Luikart v. Tidrick, supra;* 27 C. J. 630. These rules, however, do not prevent a preference of one creditor from being fraudulent as to other creditors if such preferred creditor, by the nature of the transaction by which his preference is obtained, knowingly aids the debtor in locking up or secreting a portion of his estate for his own benefit. In such a case the preference is fraudulent as to other creditors in its entirety. *Ellis v. Musselman,* 61 Neb. 262, 85 N. W. 75. See annotation in 79 A. L. R. 132; 27 C. J. 631. The defendant Clara K. Dover by the preference she claims to have taken actively participated in aiding her mother to lock up, as it were, property of the admitted value of $2,500. That sum, by the claim of the defendants themselves, is still owed by Clara to her mother, but is evidenced by nothing but a verbal agreement, is payable whenever Clara feels like paying it, and bears no interest. Its payment is not secured by a lien on the real estate unless by operation of law. With the title in Clara, the quarter-section becomes her homestead, and subject to statutory exemptions. If her preference were valid, a court would not change the terms of the contract by which it was obtained. One of the other creditors seeking to subject this amount to the payment of his claim might easily find it hard of access, and perhaps worthless to him after all legal remedies were exhausted.

By the rules above mentioned the entire conveyance of real estate to the defendant Clara K. Dover was fradulent as to the plaintiff. This is the law even if her contention to the effect that she was a creditor of her mother, which is the status she claims to have occupied, were sustained by the evidence.

For the reasons above given, the judgment of the trial court to the extent that it fails to declare the conveyance of the real estate involved to Clara K. Dover void as to creditors is reversed, and this cause is remanded, with directions that such conveyance be declared void in its entirety as to the plaintiff herein, and with directions that the property involved be subjected to the payment of the plaintiff's judgments. Since much time has elapsed since the trial of this cause, the personal property in the hands of the various defendants may have been disposed of in such manner as to render much of it inaccessible to the plaintiff. The plaintiff will be allowed to file such pleadings and make such proof relative thereto as will enable him to secure such relief with relation to the personal property as the law may allow.

REVERSED.