FEDERAL FARM MORTGAGE CORPORATION, APPELLANT, V.
ARIE R. MULDER ET AL., APPELLEES.

280 N. W. 454

FILED JUNE 24, 1938; No. 30354.

*Charles A. Dafoe, Raymond B. Morrissey, Philip M. Wellman, William C. Ramsey* and *Franklin L. Pierce,* for appellant.

*Kenneth S. Wherry* and *J. A. McGuire, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ., and RYAN, District Judge.

RYAN, District Judge.

This is an appeal from an order of the district court for Johnson county dissolving an attachment. In the fall of 1934 the defendant, Arie R. Mulder, and his wife, executed their promissory note to the Land Bank commissioner in the sum of $2,400. This note was secured by a second mortgage on real estate on which the Federal Land Bank held a first mortgage. As a part of the required procedure in securing said loans, the borrower made an affidavit to the effect that the proceeds of these loans had paid his indebtedness in full. Defendant defaulted in the payments on the loan; foreclosure proceedings were instituted and decree was entered on May 19, 1936, in the sum of $3,064.75 in favor of the plaintiff as successor to the Land Bank commissioner. After the expiration of the nine months' stay the premises were sold on the 19th day of April, 1937,

to the plaintiff for the sum of $1,260, and the sale confirmed on April 29, 1937. In the fall of 1936, during the existence of the stay, the defendant sowed the premises to wheat. In the spring of 1937 and prior to the confirmation of the sale the defendant moved to Lancaster county and established his residence in that county. About the 10th of July, 1937, the wheat was ripe, and defendant returned to Johnson county, employed two combines and commenced harvesting and marketing the wheat, and collecting the proceeds as the wheat was hauled to market in Tecumseh, Nebraska.

On July 15, 1937, plaintiff commenced this action, alleging that there was due it the sum of $1,999.89 as a deficiency in the mortgage foreclosure action and praying for judgment. At the time of filing its petition plaintiff also filed an affidavit for attachment, and as grounds therefor alleged that defendant was about to convert his property into money for the purpose of placing it beyond the reach of his creditors; that the defendant had property or rights of action which he concealed, and had assigned, removed or disposed of or was about to dispose of his property, or a part thereof, with intent to defraud his creditors. Plaintiff filed the necessary bond and an order of attachment was issued by the clerk of the district court for Johnson county. The writ was served and the return of sheriff filed showing that he had attached 658 bushels of wheat in an elevator in Tecumseh and 35 acres of wheat standing in the field.

On October 23, 1937, the defendant filed a motion to discharge the attachment. This motion was supported by the affidavits of the defendant and of Cornelius S. Mulder, to whom it appears the defendant had executed and delivered a promissory note for $1,000, and a chattel mortgage to secure the same on the wheat growing on the premises involved in the mortgage foreclosure. A supplemental affidavit was filed on December 27, 1937. On this latter date the matter came on for hearing on the defendant's motion. The evidence on the part of the plaintiff

consisted of its petition, the affidavit for attachment, defendant's affidavit made at the time of securing the loan from the plaintiff's predecessor and some oral testimony. The defendant introduced no evidence. The trial court sustained the motion and dissolved the attachment. On December 29, 1937, the plaintiff filed a motion for rehearing and new trial. This motion was overruled on January 10, 1938. Supersedeas was filed and plaintiff appeals from the order dissolving the attachment.

The sole question presented by the appeal is whether the evidence adduced by the plaintiff was sufficient to sustain the issuance of the writ of attachment.

The defendant had a right to reenter the premises and harvest the wheat he had sown in the fall at a time when he was the owner and rightfully in possession of the mortgaged premises. The modern method of harvesting wheat in that locality is by the use of combines. Since the defendant was not then living in Johnson county, it was a very natural thing to market the crop from the machine. It was what might be expected of any man in the ordinary course of affairs. There is nothing in the defendant's action in that regard that would tend to prove an intent to defraud his creditors. As was said in the early case of *Hunter v. Soward*, 15 Neb. 215, 18 N. W. 58: "The fact that a debtor designs to sell his property, or to remove it beyond the jurisdiction of a court, when not accompanied by an intent to defraud his creditors, is not ground for an attachment."

Again, in *Walker v. Hagerty*, 20 Neb. 482, 30 N. W. 556, it was said: "To authorize an attachment at least one of the causes mentioned in the statute must exist. Code, sec. 198 (Comp. St. 1929, sec. 20-1001). Mere insolvency * * * is not a ground of attachment. A man may be unable to pay his debts in full and still be doing all in his power to pay them, and so long as he furnishes no statutory cause for attachment against him, no attachment will lie against his property."

The rule in this state has always been that the intent with which an act is done is a question of fact and must be

136

proved. An insolvent debtor may in good faith secure one creditor to the exclusion of others. *Luikart v. Tidrick,* 126 Neb. 398, 253 N. W. 414; *Saline State Bank v. Stipek,* 131 Neb. 100, 267 N. W. 234. The evidence in this case merely shows that the plaintiff foreclosed its lien upon defendant's land; that it sold for less than enough to satisfy the amount of the decree, and that at the time of the issuance of the attachment defendant was harvesting and marketing his wheat in the usual course of his farming operations.

Plaintiff contends that the signing of the affidavit, exhibit 3, on December 27, 1934, at the time of the negotiation of the loan which was foreclosed furnished some basis to support the attachment. This affidavit was not a representation which defendant initiated, but was one of the form required by Federal Land Bank and Land Bank commissioner to be executed before the loans would be completed. It was executed more than two years before the commencement of plaintiff's action, and before the debt sued upon was incurred, and since it is not even alleged that the debt was fraudulently contracted, it clearly could not furnish a ground for attachment.

As the record discloses no sufficient ground for attachment, it follows that the judgment of the district court was right, and it is

AFFIRMED.